At this term the opinion of the Court was delivered by
Sedgwick, J.
(After a concise statement of the pleadings.) This case has'been very ably and very fully argued. Two questions present themselves to the consideration of the Court.
I. Is the judgment pleaded a bar to this action, if there be no material defect in point of form? In other words, if the judgment exhibits evidence that there was a trial on the merits, is * it conclusive upon the title set up by the demandant [ * 355 ] in the present action ?
II. Supposing the defendant might, if the judgment was suf ficiently formal, avail himself of it, — are there such material defects in it, that by law he must be deprived of the benefit of it?
As to the first question, it is laid down in Ferrer’s case, (36) that “when one is barred in any action, real or personal, by judgment on demurrer, confession, verdict, <&c., he is barred as to that or the like action, of the like nature, for the same thing, forever; for expedit reipublicce ut sit finis litium; ” and afterwards, in the same case, (37) it is added, “ It has been well said, Interest reipublicce ut sit finis litium; otherwise, great oppression might be done, under color and pretence of law; for if there should not be an end of suits, then a rich and malicious man would infinitely vex him who hath rights, by suits and actions.” The same principle is again very forcibly expressed in Kitchen & Al., Assignees of Anderson, vs. Campbell. (38) “ You shall not bring the same cause of action twice to a final determination: nemo bis debet vexari: upon this we found our judgment; and what is meant by the same' cause of action is, where the same evidence will support both the actions, although *322 the actions may happen to be grounded on different writs; this is the test to know whether a final determination in a former action is a bar or not to a subsequent action; and it runs through all the cases in the books, both in real and personal actions.”
Let these rules, so reasonable in themselves, a strict adherence to which is so important to the public interest, and which in point of authority are consistent with the principles of the common law, be applied to decide the question under consideration. The former action was brought “ for the same thing” as the present; for by the plea and demurrer it appears that the premises demanded in the former and present actions are the same, “and not l * 356 ] others, nor different.” Both actions then * are brought for the same thing. But then it is said that, according to the recited opinion in Ferrer’s case, the bar does not extend further than to the same or a■ like action. How far it ought in reason and justice to extend, appears in the case cited from Wilson. The action in that case before the court was assumpsit, and the question was, whether it was barred by a previous judgment in an action of trover; whether an action upon a contract should be barred by a judgment in an action for a tort. The Court determined that it was barred; and why ? for the best reason in the world — the merits of the case had been previously tried. It was important to adhere to the principle, that litigation shall not be everlasting; that mere form should not be a mean of endless vexation. Interest reipublicce ut sit finis litium. The court say, You shall never bring the sam.e cause twice to a final determination; and to explain what they mean by the same cause, they say it is where the same evidence will support both actions. This is considered by the courts, and justly, a criterion which governs all the cases in the books, whether real or personal, (a) If this be just, — and I have no doubt that it is, — it only remains to inquire whether, if the demandant had, by evidence, proved the several allegations in his declarations respectively, by precisely the sanie evidence, and no more, both actions would have been supported. The support of neither action would have required more evidence, nor have been satisfied with less. In both cases, if the demandant had proved that the ancestor, his grandfather, was seised, and died seised as alleged, — that he made the will, and that if had been proved as averred, — that a fee-tail estate had, as declared, been created by the will and what was done under it, and vested in the demandant’s *323 father, — that he had entered and become seised of it, and died so seised, — and that the demandant was his eldest son, and male heir, ■— he must have recovered. The same evidence was equally applicable to, and would equally support, both actions. It brings the case, then, within the rule which determines that the latter action shall be barred by the former.
It is true that, in the injuries complained of in the two cases, diere is a technical difference. In the present action, the injury * complained of is a disseisin ; in the former, [ * 357 ] it was probably intended to describe an abatement. But the person committing the injury is in both cases the same. In both cases, therefore, the same title would come to be compared with the demandant’s; and, what is more important, the same evidence would be equally competent and equally effectual, whether the demandant was injured by a disseisin or by an abatement. We come, then, again to the same point, — the same evidence would be equally required in, and would equally support, both actions. The former trial therefore must, if the judgment be sufficiently formal, be a bar to this action.
The view which I have taken of the subject renders it unnecessary to consider the successive remedies which the law has provided as to the rights of title and possession to real property. I will only observe that I am ignorant that there is, as to them, any exception to the rules I have laid down to the extent which, I have expressed.
As to the second question, Are there such material defects in the judgment, that the defendant cannot avail himself of it as a bar ? — I am sorry to see that it is so informal; and I am still more sorry to be informed that this informality has prevailed, in a greater or less degree, from the first settlement of the country down to near the time of the commencement of the revolution. Under these circumstances, it would be too much to determine that all those judgments were mere nullities. Communis error facit jus is a maxim which ought in this instance to be respected, if in any. We have every reason, in this case, to believe that there was a trial of the merits, as in any other; and I think that such a judgment must here be considered as evidence that it was so.
The judgment of the Court is, that the third plea in bar is sufficient. (a)

 6 Rep. 7.

 6 Rep. 9

 3 Wils. 308.

 This is not the criterion. The question in all cases should be, Was the same point put in issue and determined ? — 8 Am. Jurist, pp. 330—335.— Spooner vs. Davis & Ux. 7 Pick. 147. — Outram vs. Morewood, 3 East, 346. — Eastman vs. Cooper & Al Suff. March Term, 1833. MSS.

 Vide Adams vs. Barnes, 17 Mass. Rep. 365.— Howard vs. Mitchell, 14 Mass. Rep 241 — Adams vs. Pearson, 7 Pick. 341. — 8 American Jurist, pp. 55, 330—335.