### STRAFFORD, SEPTEMBER TERM, 1818.

#### JOHN MOONEY, J. P., *versus* JOHN DEMERRIT.

To debt upon a bond with condition, the defendant pleaded " omnia performa-
vit." The plaintiff in his replication assigned several distinct breaches of
the condition. To this replication the defendant demurred specially for du-
plicity—held, that the replication was bad.

The statute of 8 and 9 W. 3, cap. 11, has never been adopted in this state.

DEBT upon a probate bond. The defendant craved oyer
of the bond and of the condition, and then pleaded " omnia
performavit." The plaintiff in his replication assigned four
distinct breaches of the condition. Upon which the de-
fendant demurred specially, and assigned duplicity as a cause
of demurrer.

The cause was argued by *J. Mason*, on the part of the
defendant, and by *J. Smith*, for the plaintiff.

RICHARDSON, C. J., delivered the opinion of the court.

At common law, when the defendant pleaded a general
performance to debt upon a bond with condition, the plaintiff

Mooney
*vs.*
Demerrit.

could assign in his replication only one breach; and if he assigned more, his replication was bad for duplicity. *Gilbert's cases* 238, *African Com.* vs. *Mason.*—2 *Burrows* 772, *Cornwallis* vs. *Savery.*

The reason of this was, because if the plaintiff shewed any single breach of the condition, he was entitled to the whole penalty. It was therefore wholly unnecessary to shew more than one breach.

But now, by the statute of 8 and 9 W. 3, cap. 11, § 8, the law is altered in England, and the plaintiff may assign in his replication as many breaches as he pleases. 1 *Saunders* 58, *note* 1.—3 *Saunders* 187, *note* 2. And if that statute has been adopted in this state, the replication in the case before us is unquestionably good. But the statute of 8 and 9 W. 3 was never adopted in this state. The provisions of our

(1) Prov.
Laws 7.

(2) 1 Laws 63.

provincial act of 11 *W.* 3, *cap.* 4, § 8,(1) which were revised and re-enacted in our statute of February 9, 1791,(2) rendered the adoption of it wholly unnecessary, because they furnished an adequate remedy for the very evils which the English statutes were intended to remedy. Our statutes, however, did not alter the mode of pleading in actions of debt upon bonds with condition, but left the proceedings as at common law, until the penalty was found to be perfected, when the equity power of the court commenced, so that a replication assigning more than one breach is in this state still bad for duplicity. The English statute of 8 & 9, W. 3, was never adopted in Massachusetts, as was expressly decided in the case of *Sevey* vs. *Blacklin et al.*, 2 *Mass. R.* 541, and probably for the same reason. As the provisions of their statutes on this subject are nearly the same as ours, we consider this as direct authority, and are of opinion that the replication in this case is bad.