## CHESHIRE, MAY TERM, 1819.

### ABEL PARKER, *Judge of Probate, vs.* DAVID COLCORD.

An action is " pending" after it is entered. An action is commenced after the writ is served, however it may be after the writ is sued out. An action pending is not discontinued, till the agreement to discontinue be entered on the record ; and when entered, the discontinuance does not relate back to the date of the agreement.

If a subsequent action be commenced, while a prior one between the same parties and for the same cause of action is pending, the pendency of the prior one may be pleaded in abatement, though discontinued before the plea was pleaded.

In actions on probate bonds, the judge of probate is the only party, plaintiff, and the bond the only cause of action, which can be recognized before judgment.

THIS was an action of debt on an administration bond, executed by the defendant, and others, for his faithful administration of the estate of *Daniel Noyes.*

At May term, 1818, the defendant pleaded the pendency of a former suit against him on the same bond when this action was instituted, and also alleged, that at the time of the plea, the former suit was still pending.

The plaintiff replied, that the bond was executed by the defendant and *Nancy Noyes*—jointly administering on said estate ; that their letters of administration had been revoked ; that *Jonathan Weare,* the guardian of the heirs of said *Daniel,* had caused the first action on the bond to be instituted, but before the commencement of the present action, which was in behalf of *Mesheck Weare,* administrator *de bonis non* of said *Daniel,* the said *Jonathan* and the defendant had agreed to a discontinuance of the first suit, which, in pursuance of their agreement, and before the entry or pleadings in the present action, was discontinued and dismissed. To this replication the defendant filed a general demurrer.

*R. Fletcher & J. H. Hubbard,* counsel for the plaintiff.

*Upham,* for the defendant.

Woodbury, J., declared the opinion of the court.

There is some apparent contrariety in the books as to the meaning of the words, *lis pendens,* or "the pendency of a suit." But whether a suit be pending, by the purchase of a writ, (1) or the service of it, (2) or the filing of bail,(3) or the entry of the action(4)—all these events had happened in the first suit, prior to the commencement of the present one. We say its commencement; for the last writ was purchased and served, after the entry of the former action, and before the term to which it was continued; and these acts are amply sufficient for the commencement of a suit, whatever may be their effect to constitute the pendency of one.

The former action was, therefore, pending at the time the latter was commenced, unless the agreement to discontinue the former one had rendered it a nullity. That agreement was made in the vacation, before the last writ was purchased, but was not enforced till the subsequent term. Its operation till enforced or entered on the record is only that of any private executory agreement, made out of court; and, if broken, the remedy is upon the agreement itself.(5) The suit then remains pending till discontinued on the record. Thus, in *Bean & Underwood's* case, it is said,(6) "the plaintiff cannot discontinue his suit without the privity of the court—the entry is *recordatur per curiam.* In *Symonds vs. Parmiter,* (7) it is also said, "the plaintiff cannot discontinue without leave of the court." Nor can the discontinuance, when entered, relate back to the date of the agreement. For Ld. Holt remarks,in *Knight's* case,(8) "the discontinuance only relates to the time of its being entered on the record," &c. *Vide etiam.* 1 *Ld. Ray.* 274.—*Holt.* 255.— 1 *Salk.* 329.

The discontinuance, however, is alleged, in the replication, to have been entered before the plea in this action was pleaded; and as the demurrer admits the truth of that allegation, it becomes necessary to inquire, whether a second suit is abateable, unless the first one continue pending till the pleadings in the second one are closed.

Parker
*vs.*
Colcord.

(1) 2 Hawk. b. 2, chap. 26, s. 62.——2 John. Rep. 346.——3 ditto 42.——1 John. Re. 342. — Cr. El. 677 Burr. 960.
(2) 11 John. Rep. 197, 472. ——12 do. 181.— 1 Wils. 144.— 4 Reeves Hist. 12.
(3) 2 Lev. 13. —1 B. & P. 137. —1 Hen. Bl. 694.
(4) 5 Mass. R. 180.—2 Chitt. Pl. title "A- batement."

(5) 1 N.Hamp. Rep. 370.

(6)1 Leon. 105.—3 Mau. and Sel. 152, Molling et al. vs. Buckpoltz.

(7) 1 Wm. Bl. 21.

(8) Ld. Ray. 1015.

Parker
vs.
Colcord.

(1) 1 John.
Cases 397,
Marston vs.
Lawrence
et al

Some authorities countenance the idea, that it is not.(1) But, on principle, the second suit is vexatious, if the first one were pending at the time the second one was commenced; that is, if they both existed *simul et semel.* All pleadings, too, except those of payment, accord and satisfaction, release and others founded on something, which occurred after the cause of action, refer to the state of things at the origin of the suit, and not at the time of the pleadings. 4 *East* 502.—3 *D. & E.* 186.—13 *Mass. Rep.* 470.

(2) 5 Mass.
Rep. 180.

Indeed, the precedents on this very point, which are ably compared in *The Commonwealth vs. Churchill,*(2) are mostly in conformity with principle, and adjudge the second action to be " bad *ab initio,*" if, at its commencement, a prior action were pending, though discontinued at the time of the pleadings. But it is contended, that though the nominal parties and the apparent subject-matter of these two actions are the same, yet the parties in interest and the actual causes of controversy are both unlike.

In this description of pleas, however, the record is *prima facie* evidence, that the parties and the disputes, where they appear to be the same, are in fact the same; and where the declarations, are, as in this case, both special, this *prima facie* evidence cannot be rebutted, unless by proof that the parties and disputes, though of the same name and description, are in reality different.(3)

(3) Whitte-
more vs. Whit-
temore, ante.
2 Chit. Pl. 418
note.

But here the judge of probate, who is plaintiff in both actions, is admitted by the replication to be the same person; and the bond, which is set out in both declarations, is admitted to be one and the same bond.

It is true, that the replication avers, that the suits are for the benefit of different persons, and on account of different breaches of the bond, and these circumstances, it is supposed, render the case an exception to the general principle.

But this is a misapprehension, that has originated in the obscurity, that clouds almost all our probate laws and probate practice.

There can be but one recovery on an administration bond; and until judgment, the interest of no person can be regarded, but that of the judge of probate as trustee for all con-

<div style="float:right">Parker<br>*vs.*<br>Colcord.</div>

cerned.   Till then no other person appears on the record ; and if he die, the action becomes discontinued,(1) and if he recover, only one bill of cost can be taxed.   12 *Mass. Rep.* 379.

(1) 2 Mass. Rep. 440.

There is no necessity for more than one recovery, because judgment is then rendered for the whole penalty ; and afterwards execution is awarded for such sums as are in equity found due.   1 *N. H. Rep.* 188, 249.—2 *John. Ca.* 406.—1 *N. H. Laws* 63.

The controversy before judgment can only be, whether the bond was executed to the judge of probate, and whether there has been a breach of any of its conditions, while the persons who may be interested, and their different grounds for redress, are all subjects for after consideration.

In both actions, then, as the parties and the subject-matter are the same, the last action must be abated ; (*Bac. Ab.* " *Abatement*" M.—2 *Mass. Rep.* 338.—*Com. Di.* " *Action*" K. 4.—6 *John. Rep.* 26,) because it was commenced during the pendency of the first one.

*The replication is insufficient, and the writ abates.*