## GORDAN *vs.* PEIRCE.

The *stat.* of 1831, *ch.* 514, abolishing special pleading, is to be understood as limited to *pleas in bar.*

In practice, *double pleading* is allowed in *real* as well as in personal actions.

Where there is more than one plea, they are not to be regarded as bad, merely on account of their *inconsistency.*

If the defendant, in a writ of entry on disseizin done by *him*, would avail himself of a disseizin done by his *ancestor* and a descent cast, it should be by plea in *abatement.*

THIS was a writ of entry in which the demandant declared on his own seizin and a disseizin by the defendant within twenty years.

The defendant pleaded the general issue and filed a brief statement, setting forth:

1. "That, said *John Gordan* was not seised within twenty years.

2. "That, if any disseizin were done, it was done by *Josiah Peirce*, the father of the defendant, and that he died, and the lands descended to the defendant prior to the commencement of this suit.

3. "That, the title of said *John Gordan*, if any he have, is by virtue of a mortgage deed made to him of the lands demanded, among other lands, by *Joshua Webb, April* 14, 1812; and that said *Gordan*, on the 23d of *January*, 1832, conveyed the demanded premises, and assigned all his interest therein, to wit, in the mortgage aforesaid, to one *Jesse Gordan*, as by deed to him duly executed and recorded appears.

It was stated by the defendant's counsel, that he held under a subsequent conveyance in mortgage from the same *Joshua Webb*, to *William Crabtree* and *Lemuel Weeks, Jr.* and a conveyance by deed of general warranty by them to *Josiah Peirce*, the defendant's father, deceased, duly executed and recorded, and contended that it was competent to show this title and the descent under the second specification in the brief statement.

The demandant's counsel objected to the matter and form of the brief statement as inadmissible under the general issue; and that he was not bound to receive it or go to trial upon it;— and in particular he objected:—

That, the 1st and 3d points or specifications were inconsistent.

That, the 2d point was an exception that could only be presented in abatement.

That, the 3d went to the action, and was incompatible with the first, and with the general issue.

Before joining issue, the demandant's counsel moved for leave to amend his declaration by introducing a new count, declaring on a disseizin done to the demandant by the said *Josiah Peirce,* which was objected to by the defendant's counsel.

With a view to settle these preliminary questions, and the proper issue or issues to be raised for determination under this form of pleading, the presiding Judge ruled that the several points of defence presented by the general issue and brief statement were open for the defendant under the form of pleading adopted, and refused the amendment; and as the facts stated were admitted to be true, directed a nonsuit, with liberty to have it removed, and the action to proceed to trial, if in the opinion of the Court the nonsuit was improperly ordered.

*Daveis,* for the demandant. The allegation under the 2d point in the brief statement is, substantially, that the demandant has mistaken his action; which, we contend, should have been pleaded in *abatement;* and such was the decision of this Court in *Porter v. Cole,* 4 *Greenl.* 20. The statute authorising the filing of brief statements was not intended to affect pleas in abatement.

In order to entitle the defendant to make the defence he sets up, he must come in under *Josiah Peirce* as a *disseisor;* but he in fact was no disseisor, having come in under title. *Tinkham v. Arnold,* 3 *Greenl.* 125; *Richard v. Williams,* 6 *Wheat.* 107.

The defendant cannot deny the seizin of the demandant and at the same time show a conveyance by him to one under whom the defendant does not claim. These pleas are inconsistent, and cannot be received in a brief statement. *Jackson on R. Actions,* 153.

Under the *general issue* the defendant cannot show title in a stranger, without claiming title from him. *Howard v. Chadbourne,* 5 *Greenl.* 15; *Wolcott v. Knight,* 6 *Mass.* 418; *Parlin v. Haines,* 5 *Greenl.* 180; *Stanley v. Perley,* 5 *Greenl.* 172.

If it were not competent for a defendant, before the statute abolishing special pleading, to plead two or more special matters in real actions, neither can he do it now in a brief statement. *Selvey* v. *Bardens,* 3 *Serg. & Lowb.* 2; *U. States* v. *Sawyer,* 1 *Gall.* 93; *U. States* v. *Burnham,* 1 *Mason,* 70; 1 *Chitty,* 541.

*Fessenden* and *G. W. Peirce,* for the defendant, denied that the objection to the matters in the brief statement as being inconsistent, was well founded. Since the *statute* of *Ann,* allowing double pleading, there can be no legal incompatibility.

They contended that it was not necessary for the defendant to plead in *abatement.* The statute abolishing special pleading was intended to embrace *all special pleas,* those in abatement as well as in bar. But before the statute, a plea in bar would have been good in this case, as well as abatement. *Booth on Real Actions,* 179; *Jackson on Real Actions,* 114.

The cases cited on the other side were none of them cases of *descent,* but of *conveyance.* The party was there a wrongdoer himself by taking a deed, and then the plea must be in *abatement,* but it is otherwise in case of *descent* cast upon the heir.

*Josiah Peirce,* the ancestor, was a disseisor, for though he entered under title it was not good.

The amendment ought not to be allowed, because it would necessarily require more than one plea. The defendant would then be compelled to plead that *he* never disseised, and that his *ancestor* never disseised.

Weston J. delivered the opinion of the Court.

The act to abolish special pleading, *stat.* 1831, *ch.* 514, must be understood to be limited to pleas in bar. Every defence, either in law or fact, upon the merits, is made available to the defendant, under the general issue. He is relieved from the necessity of double pleading, or of setting forth the ground, upon which he relies in a special plea. Pleas in abatement are of a different character. They are dilatory in their nature; and turn upon points which do not affect the merits. Hence at common law, they could not be pleaded after a general imparlance; nor by our statute, in the Common Pleas, after the jury are empannelled. If the plaintiff was wrong in point of form, and the defendant

would take advantage of the *defect,* he was required to do it, upon the entry of the action, that the plaintiff might not be subjected to unnecessary expense, and that he might the more speedily bring a better writ. The force of these reasons still remains unimpaired; and we are satisfied that the act before cited, was not intended to apply to, or to affect, pleas in abatement.

Whether the disseizin, of which the demandant complains, was committed by the tenant or his ancestor, he is equally entitled to recover. The tenant has no right to hold the land against him. If then the disseizin is alleged to have been done by the one, when it was done by the other, it furnishes ground of objection to the form, and not to the substance, of the action. *Coke* says, if the degrees are not observed, the writ is abateable. *Coke Lit.* 238, *b.* This point was directly decided in *Porter* v. *Cole,* 4 *Greenl.* 20. It was there holden, that an exception of this sort must be taken in abatement. The demandant is often a nonresident proprietor, living at a distance, and may not know under what circumstances the tenant became seised. He knows the land to be his, that he has been disseised of it, and that the tenant has no lawful title to it; but whether he committed the disseizin, or holds by descent or conveyance from him who did, he may not be informed. The tenant must be conusant of the origin and source of his own title; and if he would object to the form in which he is called upon by the true owner, the reasons upon which pleas in abatement are founded, apply with as much force to this case, as to any other. If not holden to plead in this manner, the demandant may be defeated, upon a formal objection, after years of unnecessary delay. The law was thus settled in *Porter* v. *Cole.* It is a convenient rule, calculated to serve the purposes of justice, and sustained by the analogies of the law; and we are not satisfied that it ought to be disturbed.

*Jackson on real actions,* 114, gives the form of a plea of this kind in abatement. He says this matter may, according to the English practice, be pleaded also in bar, giving color to the demandant; and he supposes it might here be pleaded in bar, without giving color. He cites no authority for this position. It has seemed to us that the law should be otherwise settled; and however we may respect the learning and experience of that eminent

jurist, we feel constrained to abide by the rule established in *Por-ter* v. *Cole.* If, however, we were less clear upon this point, we entertain no doubt the objection might be removed by an amend-ment of the declaration, which we think, if necessary, ought to be granted. As this objection constituted one of the grounds of the nonsuit, it is to be set aside, and the action is to stand for trial.

The third point, taken by the tenant in his brief statement, was open to him under a special plea in bar, before the act abolishing special pleading. *Wolcot* v. *Knight,* 6 *Mass.* 418. It is said that before that act, double pleading was not allowed in real ac-tions. Our practice has been otherwise; in support of which, *Kent* v. *Kent,* 2 *Mass.* 338, may be cited. But it is urged that if double pleading is allowed, inconsistent pleas could not be re-ceived. In certain cases they may have been rejected; but in others, as is well known, they have been admitted. The books are full of double pleas, not to be reconciled with each other. It is not necessary to cite examples; as our statute requires imper-atively the general issue, but admits under it, with a brief state-ment, any special matter in defence.

Whatever then bars the action, is admitted under the general issue; and cannot be otherwise admitted. Hence in practice, necessarily, there is often the greatest inconsistency between the general issue and the brief statement. Thus in replevin, under the plea of *non cepit,* the ground of defence, disclosed in the brief statement, is very generally property in another, denying property in the plaintiff. If the demandant can repel the third ground, set up by the tenant in his brief statement, by showing that, by reason of an existing disseizin, nothing passed by his deed to *Jesse Gordan,* he may give evidence to this effect, under a counter brief statement, which he is at liberty to file.

*Nonsuit set aside.*