HENRY RYER *against* ELNATHAN ATWATER and
JAMES B. WRIGHT.

RYER
v.
ATWATER.

MOTION for a new trial.

This was an action for an assault and battery and imprisonment, which were thus alleged: " That on or about the 1st day of *August*, 1807, at the island of *St. Croix*, on board of the brig *Thomas*, the defendants did, with force and arms, an assault make on the body of the plaintiff, and him did beat and wound and unlawfully imprison, and detained and confined him in close confinement for the space of two days," *et alia enormia*.

The defendants pleaded *not guilty*.

On the trial, the defendants, in support of their defence, offered evidence to prove, that in *July*, 1807, the plaintiff was a sailor on board the brig *Thomas*, at the island of *St. Croix*, of which *Atwater*, one of the defendants, was master, and *Wright*, the other defendant, was mate; that the plaintiff then and there broke to pieces and destroyed a quantity of cheese belonging to *Wright ;* that he also used insulting language to *Wright;* and that, as a punishment for this conduct of the plaintiff, *Atwater* ordered him to be confined in a part of the vessel called the *run*. To establish the fact of destroying the cheese, the defendants offered a duly authenticated copy of the record of an action brought by *Wright* against the plaintiff, for the damage done to the cheese, before the county court for the county of *New-Haven*. In that action *Wright* declared as follows : " That at the island of *St. Croix*, on the 20th of *August*, 1807, the plaintiff owned and possessed 500lb. of cheese, of the value of seventy dollars, and the defendant did then and there, with force and arms, unlawfully spoil and destroy, and break in pieces, the whole of said cheese, while the same was so owned and possessed by the plaintiff, so

In an action for an assault and battery and imprisonment, brought by *A.* against *B.* and *C.*, the defence was, that *A.*, being a sailor on board of a vessel of which *B.* was master and *C.* mate, had destroyed a quantity of cheese belonging to *C.*, and had also used insulting language to *C.*, whereupon *B.* as a punishment for *A.'s* conduct, confined him in the *run* of the vessel. To establish the fact of destroying the cheese, the defendants offered in evidence the record of a court of competent jurisdiction in an action bro't by *C.* against *A.* for destroying the cheese of *C.* in which action *C.* obtained a verdict for damages, and final judgment was rendered thereon. Held that such record was inadmissible evidence.

June, 1810.

RYER
v.
ATWATER.

that the same was rendered wholly useless and unsalea-ble, and of no value," *et alia enormia*. *Ryer* pleaded *not guilty;* and a verdict was obtained and judgment rendered for *Wright*. To the admission of this record in evidence the plaintiff objected, contending that it was not legal proof for the purpose for which it was offered. The court allowed the objection, and rejected the evidence. A verdict having been found for the plaintiff, the defendants moved for a new trial on the ground that the court mistook the law in rejecting the evidence offered.

*Dwight*, in support of the motion.

*T. S. Williams*, contra.

TRUMBULL, J. The ground of this motion is, that the court below refused to admit in evidence the record of a verdict and judgment in an action of trespass brought by *Wright*, one of the present defendants, in which he recovered judgment and damages against *Ryer* for the taking and destroying of a quantity of cheese, the property of *Wright*.

It is a general rule, that the record of judgment in a former suit is inadmissible, unless the same parties or their privies, and no others, are the parties in the cause, on the trial of which it is offered in evidence. To this rule there are, however, sundry exceptions, which it would lead into a large field to discuss, detail, and apply to the present case. But this inquiry is unnecessary, as I am of opinion that the question before us may be settled on clearer grounds than a discussion of that point could furnish.

A record of a cause determined on issue and verdict, on which finding and verdict final judgment is rendered, when admitted in evidence, is conclusive between the parties, as to the facts decided in it, except when offered

in actions of a higher nature, or which relate to a common right: but it is conclusive so far only, and in respect to such facts, as were necessarily and directly decided. It is never relevant or admissible, unless it proves some fact, material in the trial of the cause in which it is offered in evidence.

The only facts decided in the record offered in the court below are these: that at some time previous to the date of the writ in that case, (for in trespass the day laid in the declaration is not material,) *Ryer* was guilty of trespass as to a quantity of cheese, and that *Wright* has, by judgment of court, recovered against him his full damages for that injury.

These facts do not in any manner tend to excuse *Atwater* and *Wright*, on the charge of *Ryer* against them in the cause then on trial. They are no justification for an assault, battery and imprisonment, or for the infliction of any corporal punishment upon *Ryer*.

I am therefore of opinion, that the evidence arising from the record was wholly irrelevant, and was properly rejected by the court.

SWIFT, J. Verdicts to be admissible evidence, must be to the same point, appearing on the record, and between the same parties and their privies, or those who stand in the same situation.

In this case, it does not appear from the record that the same point was in issue in both cases. The first was an action of trespass for destroying certain property of one of the now defendants, and was tried on the general issue. The present is an action of assault and battery, and the plea is not guilty. The defendants on the trial stated as matter of justification, the destruction of the property of one of the defendants, and also certain insulting language offered to him, by the plaintiff; and then proposed to prove the destruction of the property by the

June, 1810. verdict in the former case. I apprehend no precedent
RYER      or rule can be found, that will admit a party to make a
v.        parol statement of his defence, which does not appear on
ATWATER.  the record to be in issue between the parties, and then
produce a verdict in a former case to prove it. The defendants should have pleaded the justification specially, to lay a foundation for this species of evidence.

But it does not appear, even from the case stated, that the same point was in issue between the parties in both actions. In the first, the point in dispute was, whether the plaintiff destroyed certain property belonging to one of the defendants. In the present action, the point is, whether the plaintiff destroyed the property of one of the defendants, and made use of such insulting language to him, he being his captain, as will justify the battery complained of. These points are wholly different: for the question whether the plaintiff destroyed the property of one of the defendants, was to be liable to pay damages for it, or whether such destruction of property and insulting language is a justification for an assault and battery, are questions of a very different nature. Of course, it cannot be said that the issue was joined upon the same point in both cases.

It is true, there is one fact which is the same in both, that is, the destruction of the property; but when there are several distinct facts which constitute the points contested between the parties, no authority can be found that will warrant the admission of a verdict as evidence to prove one of the several facts put in issue. In the cases reported the verdict goes to the whole point in issue, and not to a part of the facts: and this distinction is founded in reason; for where the facts are different, the same points precisely cannot be in issue.

The actions were not between the same parties; for one of the defendants was not a party to the first action. It is conceded, that the verdict cannot operate as evidence in favour of the defendant who was not a party to

3

the former suit.  No case has been produced to show
that a verdict is evidence where some of the parties, and
not all, were the same in both suits; and there seems to
be a strong reason why it should not be done; for in
many cases, it is possible that the one who was not a party
to the first suit was a witness, and that the verdict was
obtained by his testimony.  As it would be inconvenient to
call parol proof to show such fact, the only consistent
principle is to reject all verdicts thus circumstanced.
In the present case, it is very probable that the defend-
ant, who was not a party to the former suit, was a wit-
ness: and though it may be said that the verdict shall
not operate in his favour, yet it would introduce a strange
inconsistency that one of the defendants should be ac-
quitted of the assault and battery by force of the evi-
dence furnished by this verdict, and the other be con-
victed for want of it, when the verdict is before the
jury, and proves that both, if either, ought to be acquit-
ted.

It appears, then, to be the only consistent general rule,
that verdicts should be evidence only between the parties
and their privies, and those who stand in the same situa-
tion; and as I find there has been no deviation from this
rule, I think it most advisable to adhere to it.

Accordingly, I concur in opinion that a new trial ought
not to be granted.

The other judges were of the same opinion.

New trial not to be granted.(a)

(a) Vide *Church* v. *Leavenworth*, *ante*, 274.