Per Curiam.

The demandants derive their right 01 title to the demanded premises from and under the proprietors of Bakersiown. The grant and confirmation, by the legislature of the late province, to those proprietors, of a tract of land, or township, including the demanded-premises, was a conditional grant. So it appears by the resolves, which the demandants refer to as the evidence of their title. And as privies, claiming under the grant, they are subject to all the consequences of a defect in the title of the proprietors of Bakerstoion, especially a defect which is, in fact, a failure in the conditions annexed to the grant to them, or a forfeiture, under those conditions, of the entire grant. (2) Besides, the statute directing inquests of office specially provides that all judgments rendered on any inquest of office, taken by virtue there- [ * 168 ] of, shall conclude all parties and * privies thereto, their heirs and assigns, so long as such judgments shall remain in force. By privies thereto must be understood those who are privies to the judgment by reason of their privity in any estate or title claimed under a grant or confirmation by the late province, or by the commonwealth, made on certain conditions, or in any other estate or title liable to be impeached and brought in question by an inquest of office.
The judgment offered in evidence for the tenant was rendered upon an inquest of office, by which the commonwealth claimed to be revested in the tract of land described in the grant and confirmation to the proprietors of Bakerstown, the entire tract, including the demanded premises, for the breach of one or more of the conditions annexed to the grant; and, among the rest, the condition that the survey and boundaries, by which the grant was confirmed, did not include a larger quantity of land than the grant expressed. Upon this process a breach of this condition was found, or confessed by the parties impleaded. The proprietors of Bakersiown had included in their survey a much larger territory than they were entitled to hold by the terms of their grant; and they had recourse to the equitable jurisdiction of the Court in that case provided by the.same statute. The entire forfeiture of the grant may be saved, when the only condition proved to be broken is, that the defendants hold more land, under such grant or confirmation, than they have *177 right by force thereof to hold. In such case, “ the justices, &c., shall have power to assign to the defendants, by metes and bounds, at their request, &c., so much of the land which shall be held by them, &c., as shall be equal in quantity to the land they might lawfully have held under the grant, &c., and in such part thereof as shall be just and reasonable.” Now, it was under this authority, exercised at the request of the proprietors of Bakerstown, that the court confirmed or assigned to them a tract of land, parcel of their original survey, including that part thereof which had been assigned to thev ancestor of the demandants, by the indenture which is part of the evidence of their title.
* The demanded premises are within the metes and [ * 169 ] bounds thus designated by the equitable authority of the Court. The grant to the proprietors of Bakerstown is to be proved by this decree: their boundaries are assigned by this, and not by the survey, or the confirmation originally made to them. Those are to be considered as forfeited, excepting so far as they may be reinstated by the decree. What is said therein of lands to be released to certain occupants, prior to the running of Davis’s line, may be construed as operating to except those locations from the territory assigned, and confirmed to the proprietors of Bakerstown. The line ascertained by Davis determines the part of the grant to the proprietors of Bakerstown, in which they are reinstated and confirmed. But, in assigning to them the quantity of land they were entitled to hold, in this part of the territory, which they had formerly surveyed to themselves, the Court have thought it “just and reasonable ” to except therefrom certain locations and settlements, and, it may be, grants by the legislature made and entered upon before that line was ascertained.
What has been called a conditional judgment is more in the nature of a specific decree in chancery, pursuant to the jurisdiction and authority appointed and granted by the express provisions of the statute. It is not a judgment by the course of the common law ; but it seems to be very clearly authorized and directed by the statute ; and the acceptance of it by the proprietors of Bakerstown is not only conclusive upon them, but upon all privies in estate, claiming under the same grant. These are all reduced to the location and boundaries appointed by that judgment and decree, subject to the limitations and exceptions therein expressed. The original patent and confirmation to the proprietors of Bakerstown, as it is controlled and altered, so it is to be examined and construed, by this judgment and decree. The rejection of it at the trial was therefore erroneous; and the tenant in the case at bar is entitled to a new trial.

 See 10 Co. 92, Dr. Leyfield's case