TABER (MOODY v.). See Case No. 9,747.

---

## Case No. 13,721.

### TABER v. PERROT et al.

[2 Gall. 565.] [1]

Circuit Court, D. Rhode Island.   Nov. Term, 1815.

JUDGMENT—RES JUDICATA—IDENTITY OF PARTIES —PRINCIPAL AND AGENT—SUBAGENT.

1. A former judgment is no evidence in an action, except between the same parties or their privies. See 1 Greenl. Ev. §§ 523, 524.

[Cited in Greely v. Smith. Case No. 5,749.]

[Cited in Farmer v. Stewart, 2 N. H. 102.]

2. If an agent to collect and receive payment of bills, transmits them to his own private agent

---

[2] [From 19 Law Rep. 27.]

[1] [Reported by John Gallison, Esq.]

to receive the money, and place the amount, when received, to his private credit, payment to such agent is payment to the original agent; and if there be a failure, it is the loss of the latter, and not of his principal. See Story, Ag. §§ 201, 217a, 232, 233.

[Cited in Exchange Nat. Bank of Pittsburgh v. Third Nat. Bank of New York, 112 U. S. 282, 5 Sup. Ct. 143.]

[Cited in Daly v. Butchers' & Drovers' Bank, 56 Mo. 94; Gerhardt v. Boatman's Sav. Inst., 38 Mo. 67; German Nat. Bank of Denver, v. Burns, 12 Colo. 539, 21 Pac. 715. Cited in brief in Goldsmith v. Manheim, 109 Mass. 190. Cited in Power v. First Nat. Bank of Ft. Benton, 6 Mont. 251, 12 Pac. 604.]

3. A fortiori, this applies, where the money has been drawn for by a bill in favor of a third person, which has been accepted before the failure.

Assumpsit, to recover a sum of money due from the defendants, as agents of the plaintiff, who is surviving partner of the firm of Taber and Gardner, under the following circumstances: Taber and Gardner, in 1802, being owners of certain bills drawn upon the French government by General Le Clerc, sent them to France by their agent Mr. Boss, who was then bound on a voyage to Bordeaux, in the brig Polly, belonging to the plaintiff and his partner. The cargo on board was on the joint account of Boss, Taber, and Gardner; and, on the arrival at Bordeaux, it was consigned to the defendants, who were then merchants in that city, for sale. Mr. Boss, finding that he could not sell the bills placed them in the hands of the defendants, originally for the purpose of having them accepted, and ultimately for the purpose of having the proceeds, when paid by the French government, lodged in the hands of the defendants. In the mean time, the defendants advanced a return cargo for the Polly, upon the joint account of all the concern; and it was agreed, that the proceeds of the bills should, when paid, be carried to the credit of this advance. Perrot, one of the defendants, was a partner in a banking house at Bordeaux, under the firm of Perrot and Bineau, and sometime in September, 1802, the bills were, by direction of the defendants, transmitted by Perrot and Bineau to the banking house of Messrs. D'Hotel, Thomas and Co. at Paris, with instructions to procure acceptance and payment of the same bills, and to carry the amount, when paid, to the credit of Perrot and Bineau. Mr. Boss, soon afterwards, went to Paris, and while there, about the 26th of October, 1802, received a letter from Perrot and Lee, informing him, that the bills had been sent to Messrs. D'Hotel, Thomas and Co. and enclosing an open letter, introducing him to that house, and also containing directions, that the money, when received, was to be placed to the credit of the banking house of Perrot and Bineau. The letter of introduction was duly delivered to Messrs. D'Hotel, Thomas and Co. On the 12th of January, 1803, Mr. Boss called at the banking house of D'Hotel, Thomas and Co. and was there informed, that the bills had been duly accepted and paid by the French government, on the 7th of the same month; and that the amount had been duly credited to the account of Perrot and Bineau; and the credit was accordingly shown to Mr. Boss, in the ledger of the banking house. Mr. Boss immediately gave notice of these facts to the defendants by letter, and requested the amount to be passed to the credit of the voyage of the Polly, but received no answer. On the 25th of January, 1803, Messrs. D'Hotel, Thomas and Co. stopped payment. In the mean time Perrot and Bineau had drawn bills of exchange, at single usance, upon Messrs. D'Hotel, Thomas and Co. for the whole amount of the money so carried to their credit, in favor of a third person, which bills had been duly accepted, and when seen by Mr. Boss, were in the hands of another banking house at Paris. In consequence of the arrival of the Polly, on a second voyage on joint account, at Bordeaux, consigned to the defendants, Mr. Boss returned to Bordeaux about the 26th of February, 1802, and remained there until the sixth day of April following. A day or two before this time, his vessel being fitted for sea with a return cargo, he called on the defendants for an adjustment of accounts, and then was, for the first time, informed by the defendants, that they would not allow the credit of the bills received by them. Mr. Boss remonstrated with them in vain, and was, finally, obliged to settle the accounts and admit a balance due, of 45,762 francs; and at his request, and for his security, on the credit side of the account, the following memorandum was added:—"April 6. By amount of General Le Clerc's bills in the hands of Messrs. D'Hotel, Thomas and Co. not received from these gentlemen, when received to be placed to the credit of this account." The defendants afterwards commenced a suit, in Rhode Island, against Boss, Taber and Gardner, for said balance of 45,762 francs, and finally recovered judgment in said suit, which had been fully satisfied. The present action was brought to recover the amount of the bills received by D'Hotel, Thomas and Co. and carried to the credit of Perrot and Bineau, as above stated. At the trial, the defendants' counsel contended, that the action was res adjudicata, and therefore could not be sustained; and in support of this objection, offered the record of the action of Perrot and Lee v. Boss, Taber and Gardner.

Searle & Robbins, for plaintiff.

Hunter & Burrill, for defendants.

STORY, Circuit Justice. The record cannot be read; it is res inter alios acta. A former judgment can only be evidence, where it is between the same parties, or their privies. The parties here are not the same; so far, therefore, from its being conclusive evidence against the plaintiff, as a

former judgment upon the same cause of action, it is not evidence at all.

The defendant's counsel then contended: 1. That as the money had never actually come into the hands of the defendants, or of their bankers, Perrot and Bineau, no recovery could be had against them. 2. That if a right of action had attached, it was waived by Mr. Boss, by the memorandum on the account.

The counsel for the plaintiffs denied the legal correctness of both positions, and cited Matthews v. Haydon, 2 Esp. 509.

STORY, Circuit Justice. (after summing up the evidence). There seems to be very little dispute as to the facts; and my duty now requires me to state the law on the points, which have been made at the bar. And I am of opinion, that as soon as the money was paid into the hands of D'Hotel, Thomas and Co. and by them, pursuant to their instructions, carried to the credit of Perrot and Bineau, the defendants were answerable, in the same manner as if it had been paid into their own hands. Payment to their agent and credit to their account, by their order, was a payment to themselves. But this cause does not rest upon this principle, plain and incontestable as it seems to me to be. The money was actually drawn for by Perrot and Bineau, payable to a third person, in whose favor an acceptance was made. Here then there was a complete appropriation of the funds to their own use. From the moment of the acceptance, the money was legally transferred to the holder of the exchange, and neither Boss, nor the defendants, nor Perrot and Bineau, had any legal title to it. No possession or use of the property could have been more complete. As to the point of waiver, it is rather a question of fact, than of law. It was competent for the plaintiff to waive his right to hold the defendants to payment, and to agree to look only to D'Hotel, Thomas and Co. But such an agreement ought to be proved by the most clear and satisfactory proof. The agent, Mr. Boss, has sworn explicitly, that he never made such agreement, and that the memorandum on the account was merely introduced at his solicitation, to show to his principals, that he had not misspent their funds. You will take also into consideration the peculiar circumstances in which he was placed, and decide for yourselves, whether an unfair advantage was not taken of them.

Verdict for the plaintiff.

NOTE. This is the same case reported in 9 Cranch [13 U. S.] 39. The cause was originally tried by the district judge some years before Mr. Justice Story came to the bench [case unreported]: and the judgment rendered at that trial was reversed by the supreme court, and the present was a new trial had under the award of a new trial upon the reversal.