COWLES *against* HARTS, JOHNSON and others.

*June 15.*

Where the payees of a bill of exchange indorsed it specially, in these words, "Pay *G. C.* or order, without recourse to us;" it was held, that such indorsement precluded a recovery, in any event, (except for fraud, which is not to be presumed,) against the indorsers; and consequently, that the indorsers, in an action on such bill, by the indorsee against the drawer, were competent witnesses to establish the plaintiff's title.

The record of a judgment in a former suit between *A.* and *B.* is inadmissible in a subsequent suit brought by *C.*, who was not privy to such judgment, against the same defendant.

To render the record in a former suit admissible, its relevancy must appear from the record itself, and cannot be shewn by extrinsic evidence.

A notice of the dishonour of a bill, need not state, that the holder looks to the party notified for payment; this being implied in the act of giving notice.

THIS was an action, brought by *Gad Cowles*, as the indorsee of a bill of exchange, drawn on and accepted by *Stebbins* & Co., and subsequently dishonoured, against *Harts, Johnson* & Co., as the drawers.

Hartford,
June,
1821.

Cowles
*v.*
Harts, Johnson
& Co.

The cause was tried at *Hartford, February* term, 1821, before *Peters,* J.

On the 23rd of *November,* 1819, *Cowles & Bidwell,* in part payment of a debt due from them to the plaintiff, assigned to him the bill in question, it being then over-due, by an indorsement in these words : " Pay *Gad Cowles,* or order, without recourse to us. [Signed.] *Cowles & Bidwell.*" The defence was, that due notice of non-payment had not been given to the defendants ; and that *Cowles & Bidwell,* while the bill was in their hands, had given time to the acceptors.

The plaintiff, in support of his title as indorsee, offered the testimony of *Bidwell,* of the firm of *Cowles & Bidwell ;* to the admission of which, the defendants objected, insisting that *Bidwell* was an incompetent witness.   The judge rejected his testimony.

In the progress of the trial, the defendants offered in evidence the record of the declaration, plea, verdict and judgment, together with the charge of the court to the jury, in a suit brought by *Jonathan Cowles,* against the present defendants, on a promissory note, made by them, payable to *Cowles & Bidwell,* or order, and by *Cowles & Bidwell* indorsed to the plaintiff in that suit.   The declaration was in the common form of a declaration by the indorsee of a promissory note against the makers.   The plea was *full payment ;* on which issue was joined.   The verdict was, " that the defendants paid the said sum of money in full satisfaction of said note, in manner and form as alleged in the plea of the defendants ;" on which judgment was rendered.   For the purpose of shewing this record to be admissible evidence, the defendants proved, that the note, which was the foundation of that suit, was made on the same day with the bill of exchange now in question, and was indorsed to *Jonathan Cowles,* a long time after it became due ; that it appeared from the charge of the court to the jury in that action, in connexion with the record, that the question submitted to the jury, was, whether the bill of exchange was a valid claim against the defendants, and was due from them.   In the charge, the court, after stating the question to be, whether the defendants had a right to charge back the bill of exchange, said, " If *Cowles & Bidwell,* after the bill of exchange on *Stebbins &* Co. fell due, gave them further time of payment ; or if they gave no notice of its non-payment to the defendants, in a rea-

*Hartford,*
*June,*
*1821.*

Cowles
*v.*
Harts, Johnson
& Co.

sonable time; they made it their own, and it became and must be allowed as a payment, by the defendants, to *Cowles & Bidwell,* and they have no right to charge it back to the defendants, unless by reason of some other act or agreement of the defendants. But if it appear, by the evidence, that before the bill fell due, the defendants drew out of the hands of *Stebbins* & Co. their funds, on the ground of which the bill was drawn and accepted, it is not in law a payment to *Cowles & Bidwell.*" To the admission of the record, and the accompanying evidence, the plaintiff objected; but the judge admitted them.

The plaintiff introduced evidence to shew, that *Cowles & Bidwell* had given due notice to the defendants of the non-payment of the bill, and that they had not given time to the acceptors. The defendants, on the other hand, adduced the declarations of *Cowles & Bidwell,* and other evidence, to shew, that *Cowles & Bidwell* had not given such notice, and that they meant to look to *Stebbins* & Co., and not to the defendants, for payment; and that they had given time to the defendants. The judge instructed the jury as follows : " The drawing, acceptance, indorsement and non-payment of the bill, are admitted. Two things more are necessary to entitle the plaintiff to recover, *viz.* timely demand of the acceptors, and due notice of non-payment to the defendants. This demand must have been made on the last day of grace, and due notice of the non-payment, and that the holders look to them for payment, must have been given to the defendants, immediately thereafter; and, if through the post-office, by the next mail. In the case of co-partners, notice to one, is notice to all. If the owner or holder of a bill give time, or further day of payment, to the acceptor, by agreement, he discharges the drawer and indorsers; but mere delay to sue it, is not giving time. So long as the holder is passive, all his remedies remain."

The jury returned a verdict for the defendants; and the plaintiff moved for a new trial, on the ground, that the decisions of the judge, rejecting the testimony of *Bidwell,* and admitting the record and other evidence offered by the defendants, and the charge to the jury, were erroneous.

*Pitkin* and *T. S. Williams,* in support of the motion, contended 1. That *Bidwell* was a competent witness, and his

*Hartford,*
*June,*
*1821.*

Cowles
*v.*
Harts, Johnson
& Co.

testimony ought to have been received. If he had any interest, it was by virtue of the indorsement of *Bidwell & Cowles ;* but that indorsement was special, providing by the terms of it, against any liability of the indorsers. "Without recourse" is equivalent to a stipulation, that the indorsee should have no claim against the indorser, by virtue of the indorsement. The effect of such an indorsement, is, simply, to transfer the property of the note. This the holder may do, on such terms as he can make with the purchaser; and the latter cannot complain of the necessary effect of his own agreement, nor can the indorser be charged upon that agreement, directly against the express intent of it. *Rice* v. *Stearns &* al. 3 *Mass. Rep.* 225. *Barker* v. *Prentiss,* 6 *Mass. Rep.* 430. *Parker* v. *Hanson,* 7 *Mass. Rep.* 470. A vendor without covenant for the title, and without warranty, may be a witness to support the title of the vendee. *Swift's Ev.* 60. *Busby* v. *Greenslate,* 1 *Stra.* 445. *Sweitzer's* lessee v. *Meese &* al. 6 *Binn.* 504. per *Yeates,* J. *Twambly* v. *Henley,* 4 *Mass. Rep.* 441. *Gratz's* lessee v. *Ewalt,* 2 *Binn.* 95.

2. That the record and other evidence adduced by the defendants, ought not to have been received. In the first place, the record was not admissible, because the present parties were not privies to that suit. The plaintiff in that suit was *Jonathan Cowles ;* in this, *Gad Cowles.* Nor is *Gad Cowles* a privy, in law or in fact, to that judgment. Neither the present plaintiff, nor *Cowles & Bidwell,* under whom he claims, had, on the trial of that cause, an opportunity of examining witnesses, and ought not to be prejudiced, by the verdict and judgment. *Lock* v. *Norbone,* 3 *Mod.* 142. *Bul. N. P.* 222. *Swift's Ev.* 18, 19. Secondly, the evidence accompanying the record was not admissible, because its only object was to *eke out* the record. The record, of itself, proved nothing relating to the issue. The only question on the record was, whether the note then in suit had been paid. Now, it must appear *by the record,* that the verdict or judgment was directly upon the point in controversy; otherwise, it is inadmissible. No enquiry *out of the record* can be made. *Sintzenick* v. *Lucas,* 1 *Esp. Rep.* 43. *Manny* v. *Harris,* 2 *Johns. Rep.* 24. *Swift's Ev.* 12. In all the cases, where a former record has been admitted, either as conclusive or otherwise, the record alone has been resorted to, to ascertain whether the same point was in issue. See *Kinnersley* v.

Cowles
v.
Harts, Johnson
& Co.

*Orpe, Doug.* 517.  *Outram* v. *Morewood,* 3 *East* 346. 365. *Reed* v. *Jackson,* 1 *East* 355.  *Church* v. *Leavenworth,* 4 *Day* 274.  *Ryer* v. *Atwater,* 4 *Day* 431. 433, 4.  The charge of the court was no part of the record.  It could be proved only *by parol;* and might have been disproved, in the same manner.  Will the court suffer an enquiry by parol, in what manner the defendants in that cause supported their plea ? This has never been done.

3. That the charge was incorrect.  The principal question on the trial, was, whether due notice had been given to the indorsers.  The judge told the jury, that the notice must state, that *the holders looked to them for payment.*  This is founded on a *dictum* of *Buller,* J. in *Tindal* v. *Brown,* 1 *Term Rep.* 170. which the case did not call for, and which has not since been regarded as law.  The only object of notice, is, that the drawers or indorsers may have the earliest opportunity of resorting to the parties liable to them.  For this purpose, simple notice of non-payment is sufficient; and the act of giving such notice *implies,* that the holders intend to insist on the liability of those to whom it is given.  *Chitt. Bills* 234.  Further, it is settled, that notice from the holder of the bill will enure to the benefit of an antecedent indorsee, so as to render notice from that indorsee unnecessary. *Jameson* & al. v. *Swinton,* 3 *Campb.* 373. *Chitt. Bills* 240, 1. But this result could not take place, if the form of notice prescribed by the charge, were necessary.

*Daggett* and *J. W. Edwards,* contra, contended, 1. That the testimony of *Bidwell* was properly excluded.  If due notice had been given to the drawers, or if *Cowles & Bidwell* had given time to the acceptors, they, *Cowles & Bidwell,* had, at the time of the assignment, no legal demand against the defendants.  But if they assigned a void bill, in payment of their debt to the plaintiff, either that debt is uncancelled, or they are liable on the warranty, which the law will imply, that the bill was what it purported to be, *viz.* a good and legal demand.  In either case, *Bidwell* was directly interested in the event of the suit.  The words " *without recourse*" exclude only a responsibility for the defendants' ability to pay the bill.

The cases cited by the plaintiff's counsel, to shew, that a man who sells land, without covenants, is not liable for the

failure of the vendee's title, and, consequently, may be a witness in support of that title, have no bearing upon the point in controversy. A vendor of personal property, always impliedly warrants, that he is owner of the property. If a promissory note, which may be transferred by delivery only, be sold without express warranty, the vendor is still liable to the vendee, if he had no title to the note.

*Hartford,*
*June,*
*1821.*

*Cowles*
*v.*
Harts, Johnson
& Co.

2. That the record, offered by the defendants, in connexion with the charge and other evidence, was properly admitted. The question made, and decided, in both cases, was the same. The defendants, in both cases, were, in name and in truth, the same. The plaintiffs, though nominally different, were substantially the same ; *Cowles & Bidwell* being, in both cases, the *real actors.* The plea in the former action being general, parol evidence was indispensibly necessary, to show what the matter in controversy was; and for this purpose, it has been adjudged to be admissible. *Hitchin* v. *Campbell,* 2 *Bla. Rep.* 827. S. C. 3 *Wils.* 304. *Seddon* v. *Tutop,* 6 *Term Rep.* 607.

3. That the charge furnishes no ground for a new trial. In the first place, the *form* of the notice was not a point made between the parties at the trial. The plaintiff must shew, that he has been prejudiced by the charge, before he can obtain a new trial, on this ground. If the exceptionable remark of the judge did not relate to a point in controversy, it is not to be presumed that the jury were influenced by it. But secondly, the charge was correct, considered as an abstract principle of law. *Tindall* v. *Brown,* 1 *Term Rep.* 170. *Stewart* v. *Kennett,* 2 *Campb.* 177. *Chitt. Bills,* 239. Thirdly, the charge was correct, in relation to the peculiar circumstances of the case. The defendants claimed to have proved, from the declarations of *Cowles & Bidwell,* and by other evidence, that they, *Cowles & Bidwell,* had given notice, that they intended to look to *Stebbins & Co.,* and not to the defendants, for payment. The plaintiff claimed, that the fact was otherwise. The judge then submitted the question of fact to the jury, in the words in which the claim had been made, on one side, and denied on the other. Surely, neither party can complain of this.

HOSMER, Ch. J. 1. The rejection of *Bidwell*'s testimony, on the ground of a supposed interest in the event of the suit, was, manifestly, incorrect.

*Hartford,*
*June,*
*1821.*

*Cowles*
*v.*
*Harts, Johnson*
*& Co.*

The indorsement is *prima facie* evidence of its having been made for full value. *Riddle* v. *Mandeville,* 5 *Cranch,* 332. And the indorser is liable, if the money be not paid, and due diligence has been used. But this rule is applicable only to those cases, where the presumption of liability is not repelled, by the express contract of the parties. When a bill is indorsed, like the present, "without recourse," the indorsement contains a contract, that the indorser shall not be liable in any event; and the payee receives it, on this explicit understanding, that he is never to call on the indorser for payment. The only effect of such indorsement, is, to transfer the bill without warranty; and it is merely equivalent to a release of the property. To support the indorsee's title, the indorser is a competent witness, as he has entirely divested himself of all interest in the event. The general principle is too firmly established to require the citation of cases; and the indorsee of a bill " at his risk," or with an expression that " the indorsee is not to be holden," or " without recourse," has been adjudged to be without right of recovery, in any event, against the indorser. *Rice* v. *Stearnes* & al. 3 *Mass. Rep.* 225. *Parker* v. *Hanson,* 7 *Mass. Rep.* 470. *Welch* v. *Lindo,* 7 *Cranch,* 159. *Barker* v. *Prentiss,* 6 *Mass. Rep.* 430. The reason of the determination is invincible. The contract, which otherwise would be implied, is repelled, by an express engagement; and all liability is thus excluded, by an explicit provision.

Had *Bidwell* fraudulently misrepresented the condition of the bill, an interest in behalf of the plaintiff might have been fixed upon him; but on this subject the motion is silent, and fraud is never to be presumed.

2. The judgment admitted in evidence by the judge, was legally incompetent.

First, it was not between *parties* or *privies.* On a subject so trite, I will confine myself to the citation of the cases, which have been determined by this court. *Ryer* v. *Atwater,* 4 *Day,* 433. *Sturges* v. *Beach,* 1 *Conn. Rep.* 509.

Secondly, the record has *no relevancy* to the case now in question; and " to make a record evidence to conclude any matter, it should appear, that the matter was in issue, *which should appear from the record itself,* nor should evidence be admitted, that under such a record, any particular matter came in question." *Sintzenick* v. *Lucas,* 1 *Esp. Rep.* 43.

*Manny* v. *Harris*, 2 *Johns. Rep.* 24. *Church* v. *Leavenworth*, 4 *Day*, 274. *Ryer* v. *Atwater*, 4 *Day*, 431.

3. The charge to the jury, requiring the notice to contain certain information, that the holders looked to the defendants for payment, cannot be supported. From the nature of the transaction, a notice implies, that the holder means to insist on the liability of the person notified, and not to give credit to the acceptor of the bill; and it is universally understood to be equivalent to a demand of payment. *Chitt. Bills*, 234. 239. If this is not the language of the transaction, why is such a notice ever transmitted? The drawer, or indorser of a bill, who receives due notice of its dishonour, from any party to it, is held liable to a subsequent indorsee, from whom no notice had been received, because it " serves all the purposes for which notice was required." *Jameson & al.* v. *Swinton*, 2 *Campb.* 373. And yet the subsequent indorsee, in the case supposed, whose claim is preserved, by the notice of another person, has given no intimation, that he looked to him for payment!

I would advise a new trial.

PETERS, J. concurred, except as to the direction to the jury, which was conformable to the rule in *Tindall* v. *Brown*, and was rendered proper, by the circumstances of the case.

CHAPMAN, BRAINARD, and BRISTOL, Js., concurred with the Chief Justice, on all the points.

New trial to be granted.