Knox *v.* Waldoborough.

The Inhabitants of KNOX *vs.* The Inhabitants of WALDOBOROUGH.

A decision of the court in favor of the defendant, upon an agreed statement
of facts, and a nonsuit of the plaintiff entered, and judgment thereon for
the defendant for his costs, pursuant to such agreement, constitute no bar
to a subsequent action for the same cause.

THIS was an action for supplies furnished to the wife of *John
Braddock,* as a pauper, subsequent to those sued for in the former
action between these parties, reported in 3. *Greenl.* 455. That
cause was submitted to the jury in the court below, upon the evi-
dence contained in a written statement of facts, agreed by the par-
ties; and it came up on exceptions to the opinion of *Perham J.* on
the case so stated. But in the bill of exceptions no notice was ta-
ken of the agreement of the parties expressed in that statement,
that if the opinion of the court should finally be against the plaintiffs,
they would become nonsuit; and therefore no nonsuit was entered
at the term when the opinion of the court was delivered; but the
cause stood over for a new trial at the bar of this court, according to
the usual course, at the next term, when the agreement was advert-
ed to, and a nonsuit entered.

Upon the trial of the present action, before *Weston J.* at the last
October term, the defendants contended that by the facts agreed in
the former case, the decision of the court, and the judgment there-
on, the plaintiffs were estopped from denying that the settlement of
the pauper was in *Knox.* But the Judge directed the jury to return
a verdict for the plaintiffs; reserving the question of estoppel for the
consideration of the court.

*Abbot,* for the defendants, said that the true question was, wheth-
er the essential point in contest had been decided in the former ac-
tion? If it had, it could not be again controverted between the same
parties. This is the principle of all estoppels; and where it applies
in any form, the parties are concluded. Hence if matter of defence

has once been opened to a party, he is not permitted to draw it again into litigation. Now here, the whole controversy has been solemnly decided by this court, upon a case stated. 1. *Chitty's Pl.* 194. 1. *Pick.* 435. *Ferrer's case,* 6. *Co.* 7. *Outram v. Morewood,* 3. *East.* 346. *Co. Lit.* 352. 13. *Johns.* 227. *Leicester v. Rehoboth,* 4. *Mass.* 180. *Green v. Monmouth,* 7. *Mass.* 467. 2. *Johns.* 481.

*Wilson,* for the plaintiffs.

MELLEN C. J. delivered the opinion of the Court, at the ensuing *November* term in *Cumberland.*

The reported decision of the former suit between these parties, (see 3. *Greenl.* 455.) was founded on a statement of facts signed by the counsel of the respective parties in the Court of Common Pleas, containing the usual agreement, that if the court should be of opinion that, on the facts therein stated, the action was not maintainable, the plaintiffs would become nonsuit. It appears that the court were of that opinion, and that accordingly a nonsuit was entered, and judgment rendered in favor of the defendants for costs. The question submitted is, whether that nonsuit, and the judgment thereon, constitute a bar to the present action? In common cases a nonsuit certainly is not a bar to another action for the same cause. Then is the agreement any thing more than a particular mode of finally disposing of that action, without the form of a trial by jury? If the former cause had been opened to the jury, and the same facts had been proved, which are contained in the statement before mentioned, and thereupon the presiding judge had ruled that the action was not maintainable, and in submission to his opinion, the plaintiffs had become nonsuit; in such case it is clear the nonsuit would be no bar to the present action. How is the case altered because the nonsuit was entered in submission to the opinion of two or three judges? It is true that in the former case there was a submission to the opinion after it was given; in the latter there was an agreement to submit to it before it was given or known; but in both cases the opinion submitted to, was one founded on certain specified facts; and why should it be extended beyond those facts? Or if the counsel in draw-

Knox *v.* Waldoborough.

ing up a statement, omit certain important facts, which were not then known to him, and perhaps not to his client, why should he lose the benefit of those facts when discovered? They may be such as would have changed the complexion of the cause, and led the court to a different decision. Even where no new facts exist, why should a nonsuit be a bar, though entered pursuant to the agreement of the parties? A man must be very unwise to expect, on a second trial, that the court will decide against the opinion they have already delivered in the cause. The hopelessness of such a proceeding will generally be a safeguard to a defendant; and, besides, he will recover costs against a plaintiff who will amuse himself in such imprudent and unprofitable experiments. It is true that the agreement which concludes the statement of facts in the reported case, and which is usually subjoined to similar statements, is very unequal; because a judgment on default is forever binding on the defendant, but a judgment on nonsuit is not so on the plaintiff; but this inequality is the consequence of a defendant's own contract; and it may easily be avoided, by properly framing the agreement. Where a verdict is given for a plaintiff, the agreement may be, that, if the court should be of opinion that the action is not maintainable on the facts reported, the verdict shall be so amended, as to stand a verdict in favor of the defendant. And where the agreement is subjoined to a statement of facts, it may be that if the court should sustain the action on the facts agreed, a default shall be entered; if otherwise, that a nonsuit shall be entered, and a waiver on record of all right to commence another action for the same cause.

We are all of opinion that the the present action is not barred by the nonsuit and judgment entered in the former one; and therefore, pursuant to the agreement of the parties, there must be

*Judgment on the verdict.*