GREELY (ECFORT v.). See Case No. 4,260.
GREELY (NORCROSS v.). See Case No. 10,-294.

## Case No. 5,749.

### GREELY et al. v. SMITH et al.

[1 Woodb. & M. 181.] [1]

Circuit Court, D. Maine.    May Term, 1846.

PRIOR JUDGMENTS—PLEA OF IN BAR.

1. Where a former judgment is pleaded in bar, it cannot so avail, unless the parties appear to be the same, or are averred to have been privies in interest or estate.
[Cited in Perry Manuf'g Co. v. Brown, Case No. 11,015; Stillman v. White Rock Manuf'g Co. Id. 13,446.]
[Cited in Finney v. Boyd, 26 Wis. 370; Taylor v. Matteson, 86 Wis. 123, 56 N. W. 832.]

2. If the former judgment is pleaded to have been a nonsuit, and is not averred to have been on the merits or the point now in controversy, it is not a bar.
[Cited in Jay v. Almy, Case No. 7,236; Folger v. The Robert G. Shaw, Id. 4,899; Case of Snow, Id. 13,143; Sumner v. Marcy, Id. 13,-609; Aurora v. West, 7 Wall. (74 U. S.) 93.]

This was an action of trover commenced January 10th, 1842, for a brig called the Watson. [Joseph] Smith pleaded not guilty, and also, by leave of the court, filed a plea in bar, that the plaintiffs [Philip Greely and another], on the second Tuesday of November, 1839, prosecuted in the supreme court of the state of Maine, one Joshua Waterhouse, a deputy sheriff, in a writ of

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

replevin for this same vessel, and on an issue joined, denying that the property therein was in the plaintiffs, it was adjudged by said court on the second Tuesday of November, 1841, that the plaintiffs become nonsuit, and that said Waterhouse have return of the property. To this plea there was a general demurrer and joinder.

Mr. Deblois, for plaintiffs.
Mr. Rand, for defendant Smith.

WOODBURY, Circuit Justice. It is a well settled principle, that a former judgment cannot avail as a bar to another suit, unless it was between the same parties as well as for the same subject-matter. 1 Starkie, Ev. 191; Wood v. Davis, 7 Cranch [11 U. S.] 271; [Davis v. Wood] 1 Wheat. [14 U. S.] 6; 14 Johns. 83; 2 Mass. 338. The reason is, that unless the parties are the same, either personally or as privies, one had not an opportunity either to be heard on his rights, or to cross-examine witnesses, or put in his own evidence. Maybee v. Avery, 18 Johns. 352; 3 Cow. 120; 4 Cow. 559; 9 Mass. 1; 1 Pick. 105. When they are the same. the former judgment is of course conclusive as a general principle (Wright v. Deklyne [Case No. 18,076]; 1 Phil. Ev. 323, and authorities before cited), in order to put an end to litigation after one full and fair trial. The parties here are not the same, Waterhouse having been the defendant in the former action, and Smith and the Exchange Bank defendants in this. Nor is there any averment in the plea, either that the parties are the same, or that they are privies in blood, estate, or in law, which, if averred, might make the plea valid on its face. 11 Mass. 198; 17 Mass. 365; 10 Mass. 164; 5 Mass. 31; 4 Taunt. 18; 4 Day, 431; 2 Gall. 565; Johnson v. Bourn, 1 Wash. [Va.] 187; 3 Conn. 516; 1 Starkie, Ev. 194; 2 Vern. 827; Burrill v. West, 2 N. H. 190.

The whole gist of the bar is, that the same parties have before contested their interests in the subject; and hence, are not to be allowed to contest the matter over again, and thus cause a multiplicity of suits, and make them endless in duration, when it is for the interest of the republic to put a termination to litigation. "Interest reipublicae ut sit finis litium." The omission of such an averment is fatal on a general demurrer; and the plea in bar is, therefore, adjudged bad. There are some exceptions to these general rules, such as notice to those not parties, or vouchers in of warrantors, or trials of some public right, which may bind others than parties or those technically privies, but they rest on a principle somewhat similar, and do not arise, and need not be examined here. 2 N. H. 192, 193; Towns v. Nims, 5 N. H. 259, 263. There is another objection which shows the plea to be bad on the face of it, as it now stands, if not incurable. It avers, that the plaintiffs became nonsuit in the for-

mer action, and it is certain, that if this was before trial, or, at the trial, without a hearing and opinion on the merits by the court, that the proceedings could not in law be sustained as a trial, and an end of the dispute;* and the judgment in it could not be considered as a just bar to a new action. Co. Litt. 139a; 3 Bl. Comm. 376, 377; 3 Wils. 153; 2 Tidd, Pr. 797.

It is not averred, that this nonsuit was by order of the court under a decision by them on the merits, or that it was in the nature of a retraxit (3 Bl. Comm. 294; Co. Litt. 139a; 1 Pick. 371); and hence, there is no ground, either in law or equity, for regarding the former action between the parties as a bar, unless it is substantially averred and shown to have been decided on the merits. It is doubtful, whether if a nonsuit be then a bar in law. 5 Me. 185; 2 Mass. 113; Ensign v. Bartholomew, 1 Metc. [Mass.] 274; Melchart v. Halsey, 3 Wils. 149, 153. Bridge v. Sumner, 1 Pick. 371, in point holds, that it is not. Most assuredly, therefore, if the nonsuit is not shown to have been on the merits, there does not appear to have been the trial of a right between the parties, at least once, which should put an end to further litigation. The point must also be the same in the former judgment; and though that question does not arise here, it bears on this by analogy. For there it must appear often on the face of the pleadings to be the same point, in order to bar the subsequent suit. It is not enough always, that by inference or arguendo, the same point must have been considered. Towns v. Nims, 5 N. H. 259, 262. Let the case proceed to trial on the other issue. Demurrer allowed.

[NOTE. In Case No. 5,747 the plaintiffs moved to amend their writ by striking out the names of certain officers of the Exchange Bank, in order to give the court jurisdiction. The motion was granted. In Case No. 5,748 the surrender of the charter of that bank was suggested and it was decided that the suit against it thereby abated. The case was finally submitted to a jury, and then to the court, to pass upon the effect of the verdict. The court gave judgment in favor of the plaintiffs for the value of the other vessel in controversy,—the Albert, —secured in a certain bottomry bond, of peculiar construction. Id. 5,750.]