*P. & J. M. Smith,* for defendant.

———•⚬•———

## MILLER *v.* LANGWORTHY.

J. L. sued M. on an account that was originally due to S. M., and it was rejected by the justice because suit was not commenced by the legal party; subsequently the account was sued by S. M. for the use of J. L.; held that the first suit was no bar to the second.

ERROR *to Dubuque District Court.*

*Opinion by* GREENE, J. Assumpsit before a justice of the peace by S. M. Langworthy for the use of J. L. Langworthy on an account against J. E. Miller. Judgment against the defendant before the justice and also in the district court. He now seeks to reverse this judgment, on the ground that there had been a previous adjudication of the same account, which would operate as a bar to this suit.

The record shows that this same account, together with another account, had been previously before a justice of the peace, in a case where J. L. Langworthy alone was plaintiff, but this account had been rejected for the reason that it was originally due to S. M. Langworthy, and that it could be only recovered in his name for the use of J. L., and thereupon this account was ruled out. The court instructed the jury that these facts constituted no bar to this action. The

Miller *v.* Langworthy.

simple fact that suit had before been commenced upon this account, does not show that the matter had been adjudicated. On the contrary, in this case the record clearly shows that the account had never been passed upon by court or jury. True the account had been rejected, but not rejected because there was no indebtedness, but because it had not been sued in the name of the legal plaintiff. The account was rejected for a mere formal objection before it came to a trial upon its merits. In order to constitute a judgment bar to an action it must appear that the judgment was rendered upon the merits of the same subject matter. 1 Greenl. Ev. p. 634; 3 Phillips Ev. 384; 2 Cow. and Hill's Notes 334, N. 589. If there was a temporary disability on the part of plaintiff, or if he mistake his action, or if from any cause a matter has not been judicially passed upon, there is no bar to a subsequent action. It is only where a matter has been submitted to a court or jury and passed upon by them, that the decision will become a complete bar to another action. 6 John. 168; 11 ib. 530; 16 ib. 136; 2 N. H. 28; 4 Day 431. In this case the account had not been passed upon by court or jury; on the contrary the justice refused to pass upon this demand with the parties then before him, and rejected the account from consideration or decision. It follows, then, that the matter in dispute had not passed *in rem judicatem*, consequently there was no former decision that could conclude the present action.

Judgment affirmed.

*Geo. I. Nightengale* and *D. S. Wilson*, for plaintiff in error.

*P. & J. M. Smith*, for defendant.