BENEDICT v. ROSE.

In a civil action on a note in which the defendant denies his alleged signature, a record of the Court of Sessions showing the conviction of a prior endorser upon this note of forgery of another paper, is inadmissible testimony.

Before WITHERSPOON, J., Richland, July, 1882.

The opinion fully states the case.

*Mr. John T. Sloan, jr.,* for appellant.

*Mr. L. F. Youmans,* contra.

February 26, 1886. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This is the third time this case has been before this court. It was an action on a promissory note, as follows:

"$4,000.00. COLUMBIA, S. C., January 9, 1874.

"Thirty days after date I promise to pay L. Cass Carpenter, or order, four thousand dollars, payable at the South Carolina Bank and Trust Company, S. C., value received. If not paid at maturity, interest thereafter to be at the rate of thirty per cent. per annum.

"(Signed) J. L. NEAGLE.

"(Endorsed): Renewal. L. Cass Carpenter, W. E. Rose."

The note was transferred for value to the plaintiff who brought this action against Neagle, the maker, and Carpenter and Rose, as endorsers.

At the first trial there was judgment against Neagle, the maker, but the Circuit Judge granted a non-suit as to Carpenter and Rose for want of sufficient notice of protest. The Supreme Court set aside the non-suit and remanded the case. At the second trial Rose contested, denying that he had ever signed the endorsement on the note, or received legal notice of the protest; and henceforth the contest was narrowed down almost entirely to the question whether Rose signed the endorsement or it was a forgery. The plaintiff produced witnesses, including Neagle, who testified that the signature of Rose as endorser was genuine, and after contest the plaintiff had a verdict against him for the balance due on the note. But the Supreme Court set aside the verdict on the ground that the presiding judge had charged upon the facts. See *Benedict* v. *Rose*, 16 *S. C.*, 629.

At the third trial it seems that Rose made the old question as to want of legal notice of protest, but the principal contest was as to whether the signature of Rose as endorser was genuine or a forgery. Upon that point there was a good deal of testimony on both sides. As part of his testimony the defendant offered the record of an indictment for forgery against L. Cass Carpenter, which the judge at first held to be inadmissible, but afterwards recalled his ruling and allowed it to be put in evidence. This time there was a verdict for the defendant, and the plaintiff appeals upon the following grounds:

I. "Because his honor erred in admitting in testimony the record of the case of the *State* v. *L. Cass Carpenter*, indictment for forgery.

II. "Because his honor erred in charging the jury that from the testimony the jury must believe that Rose signed and delivered it for value.

III. "Because his honor erred in charging the jury 'that the notice of protest of the dishonor of the note must have been given within the day after the dishonor.'

IV. "Because his honor erred in his charge 'that there was a great deal of testimony in this case and that they must consider it all.'

V. "And plaintiff excepts to the order of his honor July 24,

1882, refusing a new trial in the case, and appeals from said order to the Supreme Court."

From the view the court take it will not be necessary or proper to consider any of the exceptions except the first, which alleges that it was error to admit in evidence the record of an indictment for forgery in the case of the *State* v. *L. Cass Carpenter.* In reference to this point it strikes us that the first impression of the Circuit Judge was correct and that the record from the Court of Sessions was not admissible. As a judgment to estop the parties from disputing the matters adjudged it was clearly inadmissible. In the first place, it did not appear that the subject matter of the indictment had any connection whatever with the issue between Benedict and Rose as to the alleged indorsement of the note sued on. To have the force of *res adjudicata* it is necessary that the subject matter should be the same. In the next place, the parties were not the same. Neither Benedict nor Rose had anything whatever to do with the indictment against Carpenter, and therefore it was *res inter alios acta.* And finally it was a criminal proceeding, and for that reason the record was not admissible in a civil action. The authorities go so far as to hold that even if the forgery charged in the indictment was as to the very paper sued on in the civil action, the record of conviction will not be admitted as evidence therein. 1 *Stark. Evid.*, 281; *Cluff* v. *Ins. Comp.*, 99 *Mass.*, 317; *Cottingham* v. *Weeks*, 54 *Ga.*, 275; *Ryer* v. *Atwater*, 4 *Day*, 431; 1 *Greenl. Evid.*, § 537; 2 *Whart. Evid.*, § 776. In this latter reference Mr. Wharton says: "A judgment of conviction on an indictment for forging a bill of exchange, though conclusive as to the prisoner being a convicted felon, is not only not conclusive but is not even admissible evidence of the forgery in an action on the bill."

It is contended, however, that the record of an indictment from the Court of Sessions is always admissible to prove the fact of conviction—that is to say, to prove itself. Properly understood this is true. The judgment being a public transaction, rendered by public authority and presumed to be faithfully recorded, is the only proper legal evidence of itself and the legal consequences resulting from the fact; and when it is offered for that purpose

cannot be said to be *inter alios* and is admissible whoever may be the parties to the suit in which it is offered. But as we understand there is a wide difference between the admissibility of a judgment as a fact and as evidence of ulterior facts. These distinct objects for which the judgment is admissible must not be confounded. As Judge Wardlaw said, in *Etters* v. *Wilson*, 12 *Rich.*, 152: "The mistake that has given rise to the objection has proceeded from confounding the purposes for which a judgment may be offered, first to show the truth of what has been adjudged, and second to show the fact that the judgment was rendered and the legal consequences thence deducible. For the latter purposes a judgment *inter alios* is always admissible, and often is not only conclusive, but the only proper evidence."

Mr. Greenleaf (vol. 1, section 527) states the principle as follows: "A judgment when used by way of inducement or to establish a collateral fact may be admitted though the parties are not the same. Thus the record of a conviction may be shown in order to prove the legal infamy of a witness." That is to say, if Carpenter had presented himself as a witness, the record might have been offered as conclusive evidence of the fact that he had been convicted of forgery. But Carpenter was not offered as a witness nor do we see that there was any occasion for proving the conviction as a collateral fact. It must have been offered in the case with a view to its indirect effect upon the issue, as tending to lead the mind to the conclusion that Carpenter may have forged the name of Rose as endorser on the note; and for such purpose it was not admissible. Considered simply as evidence in the case, we cannot see that, on the issue made, the defendant had any more right to offer in evidence the forgery record from the Court of Sessions than he had to go into any other proof in a civil suit of the general bad character of Carpenter. It was irrelevant.

The judgment of the court is, that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.