CHURCH
v.
LEAVEN-
WORTH.

---

**WILLIAM CHURCH against GIDEON LEAVENWORTH.**

*A.* brought an action of *assumpsit* against *B.* on a contract to perform certain services for a specific compensation payable monthly. *B.* pleaded performance as to part, which was traversed. On the trial, *B.* to support this issue, offered in evidence the record of a former suit on the same contract brought by him against *A.*, in which he recovered a verdict against *A.* for services performed in pursuance of the contract. Held that this record, tho' proper to go to the jury, was not *conclusive* against *A.'s* right of recovery.

MOTION for a new trial.

This was an action of *assumpsit* demanding damages for the non-performance of a written contract entered into between the plaintiff and defendant.

The agreement recited, that *Leavenworth* had undertaken to superintend the performance of certain work, in consideration of which *Church* promised to pay to *Leavenworth* for his services, two dollars per day, to be paid monthly; and he on his part agreed to perform the stipulated services. The defendant pleaded performance as to part, and a release as to the residue. The plaintiff traversed only the fact of performance; upon which they were at issue. On trial to the jury the defendant offered in evidence the record of a former suit, which was an action of *assumpsit* founded on the same agreement, brought by *Leavenworth* against *Church*, and in which *Leavenworth* recovered damages for the non-performance of the contract by *Church.* To the admission of this record the plaintiff objected. The court overruled the objection, and received the testimony. In their charge, the court directed the jury, that this record was not *conclusive* against *A.'s* right of recovery.

conclusive against the plaintiff's right of recovery; in pursuance of which a verdict was found for the defendant. The plaintiff moved for a new trial on two grounds; 1st. That the record produced was not admissible evidence in the present action; 2dly. That if admissible, still it was not conclusive against the plaintiff's right of recovery. These questions were reserved for the consideration of the nine judges.

*Ingersoll* and *N. Smith*, in support of the motion, contended,

1. That the record in the former suit was not admissible evidence in the present action. It does not follow because *Leavenworth* recovered in the former suit, that he fulfilled his contract with *Church*. By the terms of the agreement, *Leavenworth* was to receive a monthly stipend for services, the termination of which was contingent. When one month's services were performed, he was entitled to recover the stipulated compensation. Though the declaration in the former suit included the whole time, the only question essential to *Leavenworth's* right of recovery was, whether he had fulfilled his undertaking during one month; nor can it appear from this record that the jury gave damages for any longer period of time. And will it be said, that evidence which proves compliance with an agreement during one month, also proves performance of the whole, extending to many months?

By this agreement the parties have mutual remedies; and it would be unjust that the breach of one covenant should be alleged as a reason for the breach of another, because the damages resulting from the one might be wholly disproportionate to those occasioned by the other. *Duke of St. Albans* v. *Shore*, 1 *H. Bl.* 273.

2. But if the judgment be considered admissible, it would not be conclusive. Certain facts distinctly put in issue, and specifically found, may, by such finding, be put

at rest between the parties and their privies. Judgments *in rem* and in matrimonial causes, are conclusive against all the world; though for a different reason. But in this case the judgment could only operate as a bar, if the action were for the same injury. *Peake's Ev.* 37. It must also have been pleaded with an averment that it was for the same matter, cause and thing. The finding of a jury can in no case conclude the parties, unless that finding be pleaded, and the estoppel relied on. In this case, the matter in issue was not necessarily the same as in the former action; nor was the finding of the jury relied upon as an estoppel. If, in an action of trespass, title be distinctly put in issue and found, such finding may, between the parties, be persuasive evidence in another action for trespass on a different piece of land claimed by a title precisely similar to the first; but it cannot be conclusive. *Swift's Ev.* 16. *Bull. N. P.* 232.

*Mills* and *Staples*, contra, contended, that it appeared from a comparison of the two records that the cause of action in one was co-extensive with that in the other. The same contract is set forth; and the defendant, in his action against *Church*, averred performance precisely to the same extent that he pleads performance as a defence to this suit. In that action, *Church* denied performance of the contract as averred; and the jury, by their verdict, necessarily found that *Leavenworth* had fulfilled his undertaking. After a decision of this point there must be an end of litigation. *Marriott* v. *Hampton*, 7 T. R. 269.

It is said, that this record should have been relied on in pleading to render it conclusive. But in many instances a record may be pleaded in bar, or given in evidence to the jury. The proof in the latter case is not less certain than in the former. Suppose a judgment be pleaded in bar to a second action, with an averment that the former suit was for the same injury, upon which the parties are at issue; the same proof of the identity

of the causes of action will be necessary as if the record had been given in evidence to the jury.

We cannot reconcile the idea that a record may be persuasive evidence of a fact which it is adapted to prove, or any thing less than conclusive, with the principle found in all writers upon that subject, that a record imports absolute verity. In *Shelton* v. *Barbour*, 2 *Wash.* 64. judgment was reversed because the court sent a record of a former action, in which the same point had been decided, to the jury as *circumstantial* and not as *conclusive* evidence. This decision is fortified by *Preston* v. *Harvey*, 2 *H. & M.* 55.

SWIFT, J. This is a motion for a new trial on the ground that the court admitted in evidence a verdict between the same parties in a prior case, and charged the jury that by law it was conclusive.

To make a verdict evidence, it must appear from the record, that the same point was directly in issue between the parties in the former case, and was found by the jury. But in this case, it was not necessary for the defendant in the former action against the present plaintiff to have proved all the facts put in issue in this action; for in that action, the then plaintiff might have recovered wages, for one, two, or three months' service, though he had not performed the stipulated service for six months; for he was entitled to wages monthly by the contract. Of course, it does not necessarily appear, that the jury found a performance of the contract for the whole period stipulated; and their verdict does not negate the possibility of a non-performance, for which this action may be maintained. But admitting the verdict to have been admissible evidence, I am of opinion it was not conclusive.

A verdict, when offered in evidence on an issue in fact, is never conclusive. A verdict is never a conclusive bar, unless in the former action issue was joined on a precise point, and the verdict is specially pleaded by way of es-

June, 1810. toppel. This is explicitly laid down by Lord *Ellenbo-*

CHURCH
v.
LEAVEN-
WORTH.

*rough* in the case of *Outram* v. *Morewood*, 3 *East*, 346. That was an action of trespass against the defendant and his wife for entering a certain coal mine. The defendant pleaded title; and the plaintiff replied, that they ought not to be admitted to plead such title, because, in a previous action brought by the plaintiff against the wife, she pleaded the same title, which the jury had found against her. On demurrer, the replication was adjudged to be good. It is manifest, that the pleading specially the verdict in the former action by way of estoppel, was considered as essential to the validity of the replication. But the principle is more explicitly settled in a case mentioned by Lord *Ellenborough*, in giving his opinion in the case before mentioned. In a second action for obstructing a watercourse, on the plea of not guilty, a verdict in a previous action for an obstruction to the same watercourse was given in evidence by the plaintiff: Lord *Mansfield* held, that the verdict could only be conclusive upon the right, if it could have been used, and actually were used, in pleading by way of estoppel.

This authority establishes the doctrine, that verdicts are never conclusive, unless they are pleaded specially by way of estoppel. That they are never conclusive when offered in evidence on an issue in fact, is proved by all the cases which have been decided on this subject: and, I apprehend, not a single case in the *English* authorities can be found to the contrary. In the case last mentioned, the verdict appears to have been admitted in evidence on the general issue, but was held not to be conclusive. In the case of *Kinnersley* v. *Orpe*, *Doug.* 517. it appears that at *nisi prius* a verdict in a former case was admitted in evidence, and held to be conclusive; but a new trial was granted, and the court said that the record in the former cause, though admissible evidence, was not conclusive. So in all questions of public or common rights, verdicts may be given in evidence

against all persons standing in the same situation as the parties in the previous actions; but they are never deemed conclusive.

Again, it is said, if a verdict be had on the same point, and between the same parties, it may be given in evidence, though the trial were not for the same lands; for the verdict in such case is very persuading evidence, because what twelve men have already thought of the fact may be supposed fit to direct the determination of the present jury. *Bull. N. P.* 232.

If there be a trial of a title between *A.*, lessee of *B.* and *E.*, and afterwards there be a trial between *C.*, lessee of *E.* and *B*, *C.* may give in evidence the verdict found against *B.*, for this was the sense of a former jury on the fact. *Ib.*

These authorities show that there are cases when verdicts admitted in evidence are not conclusive. As no cases can be found to show that they are ever conclusive when offered in evidence, it may be deemed a fair conclusion that a verdict, when given in evidence on an issue in fact, is never conclusive.

If a verdict be not conclusive, then it can be only the opinion of a former jury on the same point, and is called *persuasive evidence.* Some have considered the idea of persuasive evidence as an absurdity, and thence have inferred that when a verdict is admissible evidence, it ought to be held conclusive; but if it be absurd that a verdict should be called persuasive evidence, then the fair consequence is, that it ought to be wholly rejected; for there are many instances where verdicts are now admitted as being the opinion of a jury on the same point, in which it would be extremely unjust that they should be conclusive; as in the case of public rights, where verdicts are admitted as evidence against persons not parties to the former suit.

Others, again, have inclined to the opinion, that the verdict, instead of being admitted as persuasive evidence,

ought to be rejected: but a question arises how far courts are now at liberty to reject this species of testimony, which is unquestionably a part of the law of evidence. The common law is a system of first principles, connected together, and dependent on each other. When we once break in upon the integrity of the system, it is difficult to foresee the confusion and derangement that will follow. The rule that verdicts are admissible as evidence, is connected with another rule, that a man cannot be a witness in a case where the verdict can be given in evidence for or against him in another case in which he may be a party.

If, then, we say, that verdicts are not to be admitted in evidence at all, we strike away the foundation of another important rule of evidence, and we shall then be obliged to supply its place by the introduction of a new rule.

But we may as well question every other principle of the common law as this. If the ground is to be taken, that because we doubt of the reason or propriety of an established rule, we are at liberty to reject it, and substitute another for it, then all principles are again thrown afloat on the ocean of uncertainty, without any compass but the discretion of the judge.

The foundation of the law is not laid on such a fluctuating basis. It has been pronounced by the greatest jurists, to be the perfection of reason—not of every man's natural reason, but an artificial perfection of reason, gotten by long study, observation, and experience. *Co. Litt.* 97. b.

If these considerations are not sufficient to restrain the rude hand of the innovator from despoiling the fair fabric of the common law, let him remember, and revere the sage and venerable maxim of jurisprudence, *neminem oportet esse sapientiorem legibus.*

I am therefore of opinion that a new trial ought to be granted.

In this opinion MITCHELL, Ch. J., REEVE, EDMOND, *June, 1810.*
N. SMITH, BRAINERD, and J. C. SMITH, Js. concurred.

TRUMBULL, J.   This suit is on the contract; and the point in question was decided by the former record. No second suit on the contract can be maintained. But this record could not be pleaded in bar. It was proper evidence to the jury; and it ought to have been left to them. The verdict shows that *Leavenworth* had faithfully served, and had not been paid during a part of the term; and this is enough to enable him to recover a verdict. So far, it is conclusive. If it appear from the sum given, that the verdict allows the two dollars per day during the whole time, this is conclusive evidence that the court decided he had faithfully performed during the whole time. But this evidence ought to have been left to the jury for their consideration; and for that reason I concur in advising a new trial.

BALDWIN, J. First, it is an established rule of law, that a fact once decided shall not be again disputed between the same parties. Therefore, a judgment directly upon the point may, in some cases, be pleaded in bar; in others, given in evidence as conclusive; but, *2 St. Tr. 261, Peake, 34, Swift's Ev. 10.*

Secondly, to make a record in a former suit conclusive evidence on any point, it should appear from the record that such point was in issue.

Thirdly, it is not necessary that the actions should be precisely the same; for, if the question between the parties be the right to personal property, a verdict and judgment in trover will bar either party from trying the title over again in *assumpsit*, or any other form of action, and will be conclusive in evidence.

If, then, it can be made to appear from the record offered in evidence in this case, that the same fact on which this action depends, has been once directly decided between the parties in this suit, I think it must fol-

low, that the record is not only admissible, but conclusive.

To enable us to determine whether the fact in question was decided by the former trial, we must examine the cause of action in each. In the action now on trial, the plaintiff, *Church*, in his declaration, states that *Leavenworth*, the defendant, has failed to perform certain covenants on his part to be performed, and demands damages for this failure. As the pleadings are closed, the sole point in issue, and the only fact for trial presented by the case, is, whether *Leavenworth* has performed. This fact, *Leavenworth* claims, has been once directly decided between him and *Church*; and offers the record in question, in support of his claim. To make this conclusive, or even admissible evidence, it must appear from the record offered, that the fact now in issue was, by the former trial, directly decided.

The record offered appears to be the record of a suit, in favour of *Leavenworth*, against *Church*, upon the very same contract, for non-performance of the contract on the part of *Church*; *averring a full performance on his part*, and demanding damages. The case, it appears, was tried by the jury, on the general plea of *non assumpsit*, and verdict and judgment were in favour of the plaintiff *Leavenworth*. It is now proper to inquire what was then in issue. Was it merely the non-performance on the part of *Church*, or was it also necessary, to entitle *Leavenworth* to a recovery, that he should prove the truth of his averment, that he had fully performed ? If his performance was a material averment, and necessary to be proved, it was directly in issue, and has been decided. It then becomes important to attend to the materiality of that averment. This depends upon the nature and terms of the contract, which also appears spread upon the record. If the covenants are independent, I agree the averment is immaterial; if dependent, performance must not only be averred, but

directly proved. Now, from the nature as well as the terms of this contract, the service to be performed by *Leavenworth* is the consideration, whence the duty of *Church* to pay arises. His service is a condition precedent. See *Thorpe* v. *Thorpe*, 1 *Salk*. 171. in point.

It will not, I presume, be pretended, that, if *Leavenworth* had never gone from home, or entered into the service of *Church*, he could have maintained an action against *Church* on this contract. He is to be paid at the rate of two dollars per day for his services; and though payment may, by the contract, be demanded monthly, yet the performance of the condition precedent to the time of the demand, would, even then, be a necessary averment. This is an executory contract, where one is to do service, and for the doing it the other is to pay. If I am correct in this principle, it will follow, that the fact of performance on the part of *Leavenworth*, was essential to his recovery in the former action; and I have reason to presume that such was the charge to the jury which tried it. If so, then the fact of his performance, which is now the only point in issue, was directly in issue before, and has been once decided between the same parties. The record offered, showing that, is, in my opinion, admissible and conclusive.

I cannot, therefore, advise a new trial.

*New trial to be granted.*