Parker C. J.
Although we are satisfied, that upon general principles and upon principles of sound policy, we should be exceedingly cautious of granting new trials where there has been once an opportunity to exhibit the whole matter of a case before the jury, we have nevertheless, at least some of us, been inclined to yield in this instance, from an apprehension which we all entertained, that the verdict sought to be removed would bind the petitioner for ever and conclusively, and all who are or may be privy in estate, upon the right set up by the respondents to have the front of their store' unobstructed by any building. Had the action tried been trespass or writ of entry, we should all have agreed to leave the petitioner to the higher remedy which the law would give him in real actions. But the injury complained of, and the right claimed by the respondents, did not admit of that kind of action; and we labored under the belief, that in any new action for a continuance of the supposed injury, the verdict and judgment in this case would be conclusive, so that the petitioner would be perpetually barred from defending himself, even if it were true that the facts would now show that the former judgment was wrong. We are now relieved from this difficulty, in consequence of researches made to ascertain the effect of this verdict upon any future action between these parties. We think it very clearly settled, that nothing is conclusively determined by the verdict, but the damages for the interruption covered by the declaration, and that in another action, if one should he brought, the petitioner will have full right to contest the respondents’ right to the easement, for the interruption of which this action was brought.[1]
The principle adopted is, that in actions of trespass, or for torts generally, nothing is conclusively settled but the point or points put directly in issue. Thus in trespass, upon not guilty *24 pleaded, the title is not concluded; though if the title is put in issue by a plea of soil and freehold, the ra-dict will be conclusive in another action of trespass for an injury done to the same land. So in actions on the case for interruption ol lights or other easements, on the general issue, the title is not settled ; though if the defendant pleads a title in bar, and issue is taken on it, the verdict shall settle that point for future actions.* *[2]
And this is conformable to the general reasonableness of the law, for it cannot be made to appear of record on a trial upon *25 the general issue, that the title ever came in question. In 1 Phillipps on Evidence, 236, this principle is laid down as settled, and the doctrine will be found to be supported in Manny v. Harris, 2 Johns. R. 24 ; Ryer v. Atwater, 4 Day, 431 ; Sintzenick v. Lucas, 1 Esp. R. 43.[3] But the whole doctrine on this subject is most luminously displayed by Lord Ellenborough, in the case of Outram v. Morewood, 3 East, 353. The same doctrine was held by Jackson, late a justice of this Court, in the case of the Commonwealth v. Waite, in Middlesex, and his opinion was sanctioned by the whole Court. Under this view of the circumstances of this case, as another action will without doubt be brought, if the petitioner sees fit to continue his building at the risk of another suit, and as in such action he will not be impeded from setting up a defence upon the ground suggested as the cause for a new trial, the Court are unanimously of opinion that he can take nothing by his petition.[1]

 In another action by the respondents in this case for a continuance of the obstruction, the former verdict would be admissible evidence to go to the jury on their right to the way, but it would not be conclusive evidence. Parker v. Standish, 3 Pick. 288; Miles v. Rose, 5 Taunt. 705; Strutt v. Bovingdon, 5 Esp. R, 58; Kinnersley v. Orpe, 2 Doug. 517; Jackson v. Wood, 3 Wendell, 27; 1 Stark. Ev. (5th Amer. ed.) 200, 201; 2 id. 706.

 The former verdict is conclusive only as to the facts directly and dis tinctly put in issue, and the finding of which must have been necessary to uphold the verdict. Spooner v. Davis, 7 Pick. 147; Smith v. Sherwood, 4 Conn, R. 276; Dennison v. Hyde, 6 Conn. R. 508; Hopkins v. Lee, 6 Wheat. 109. See Tyler v. Hammond, 11 Pick. 193; Blake v. Clark, 6 Greenl. 436; Shafer v. Stonebraker, 4 Gill & Johns. 356.
The full advantage of such verdict can, however, in general, be derived only from pleading it. Because, if a matter is expressly affirmed or denied by one party, and the other intends to meet it by a former verdict on the same matter, he may offer that verdict to the court, and it shall be a conclusive bar. But if he chooses to submit the former verdict in evidence to the jury, they may weigh it as they weigh other evidence, and they are not estopped to find the truth against it. Howard v. Mitchell, 14 Mass. R. 241; Trevivian v. Lawrence, 1 Salk. 277; Wood v. Jackson, 8 Wendell, 1; Jackson v. Wood, 3 Wendell, 27; Church v. Leavenworth, 4 Day, 274 ; Canaan v. Green Woods Turnpike, 1 Conn. R. 1; Edwards v. M'Connel, 1 Cooke’s R. 305 ; Towns v. Nims, 5 N. Hamp. R. 259; 1 Stark. Ev. (5th Amer. ed.) 200, 201 ; 2 id. 706; Wright v. Butler, 6 Wendell, 288, 289 ; Vooght v. Winch, 2 Barn. & Ald. 662; Speake v. Richards, Hob. 206, 207; Outram v. Morewood, 3 East, 365; Shafer v. Stonebraker, 4 Gill & Johns. 359. Contrà, Duchess of Kingston's Case, 11 State Tr. 261; Bird v. Randall, 3 Burr. 1345.
But where the assurance and title to property are founded on the verdict, and the party has no opportunity of pleading it, the jury cannot find against it. Adams v. Barnes, 17 Mass. R. 365; Howard v. Mitchell, 14 Mass. R. 241; Commonwealth v. Pejepscut Proprietors, 10 Mass. R. 155; Trevivian v. Lawrence, 1 Salk. 277; Jackson v. Wood, 8 Wendell, 1 ; 1 Stark. Ev. 303, 304 ; Adams v. Broughton, 2 Str. 1078; Kel. 58.
In actions of assumpsit &c., where the party has no opportunity to plead the former verdict as an estoppel, the record thereof may be given in evidence, and is conclusive and binding on the party, the court and the jury, as to every fact in issue and distinctly decided by the former verdict. Wright v, Butler, 6 Wendell, 288, 289 ; Gardner v. Buckbee, 3 Cowen, 120; Train v. Gold, 5 Pick. 380 ; Young v. Black, 7 Cranch, 565; 2 Stark. Ev. (5th Amer. ed.) 707; Kitchen v. Campbell, 3 Wils. 304. Contrà, Church v. Leavenworth, 4 Day, 274. So the former verdict and judgment are sometimes conclusive, when given in evidence under the general issue in an action of debt 2 Stark Ev. ubi supra.

 If the record itself of the former verdict and judgment does not show that a particular point was involved in the issue and decided, parol testimony will not be admitted to help it out and give it a conclusive effect as evidence, or render it a bar when pleaded, in respect to that point. Smith v. Sherwood 4 Conn. R. 276; Abbe v, Goodwin, 7 Conn. R. 377 ; King v. Inhabitants of Knaptoft, 4 Dowl. & Ryl. 469 ; Jackson v. Wood, 3 Wendell, 27; Manny v. Harris, 2 Johns. R. 24 ; Bull. N. P. 234 ; Swift’s Ev 18.
But the identity of the cause of action may be averred, and it may be proved by other than record evidence. Parker v. Thompson, 3 Pick. 429; Wood v. Jackson, 8 Wendell, 44. So of facts which need not and do not appear by the record, if they do not contradict it. Parks v. Hall, 2 Pick. 206; Wilson v. Hart, 7 Taunt. 304. See also Gardner v. Buckbee, 3 Cowen. 120; Young v. Black, 7 Cranch, 565.
So if a verdict, award, or judgment of a court of competent jurisdiction, has apparently, but not necessarily, covered the very ground on which a second action is brought, though this would be, perhaps, primó, facie evidence, that the matter had passed in rem judicatam, yet it may still be averred, and proved by parol testimony, that the cause of the second action was not in issue, and the point to be established by it, was in fact not decided. Snider v. Croy, 2 Johns R. 227; Phillips v. Berick, 16 Johns. R. 136; Wheeler v. Van Houten, 12 Johns, R. 311; Webster v. Lee, 5 Mass. R. 334 ; Whittemore v. Whittemore, 2 N. Hamp. R. 26 ; Hitchin v. Campbell, 2 W. B1 827; Ravee v. Farmer, 4 T. R. 146 ; Johnson v. Smith, 15 East, 213. See also Parker v. Thompson, 3 Pick. 429; Thorpe v. Cooper, 5 Bingh. 129 ; Bago v. Williams, 3 Barn. & Cressw. 239 ; Squires v. Whipple, 2 Vermont R. 111; Hadley v. Green, 2 Tyrwhitt’s Ex. R. 390,

 See St. 1828, c. 137, § 6; Bemis v. Clark, 11 Pick. 452.