ZEBINA EASTMAN *versus* JOHN COOPER *et al.*

In assumpsit against C, G, and R, upon seven promissory notes purporting to have been made by them as copartners, C and G pleaded in bar and in estoppel, that the plaintiff brought a former action against C, G, and R, upon another note, payable on demand ; that in that action C and G pleaded non assumpsit ; that upon the trial the plaintiff alleged and proved that that note had been given, as a substitute for, and in consideration of, and as security for, the seven notes, which were not due when that action was commenced ; that C and G alleged that the seven notes were made by R for his private use and in fraud of his copartners C and G, and that this was known to the plaintiff when he took them of R ; that these facts, and whether C and G made the promise set forth in the former action, were put in issue at the trial of that action, and the jury returned a verdict that C and G never promised ; that judgment was rendered on this verdict, and that the judgment remains in force. It was *held*, that the former judgment was not for the same cause of action ; and that although the validity of the seven notes was in effect tried, yet it was a question collateral to the issue ; and consequently, that the former judgment could not be pleaded in bar.

*Held* also, that the former judgment could not be pleaded as an estoppel, as the same point was not put in issue upon the record and directly found by the jury.

*Held* also, that the verdict and judgment in the former action were admissible, though not conclusive evidence, under the general issue, to show that the seven notes were not given for a partnership debt and that this was known to the plaintiff.

Where an action depends on a question which was tried in a former action between the same parties, but which does *not* appear by the record to have been put in issue, parol evidence is admissible to prove that the same question was submitted to and passed upon by the jury, in the former action.

In an action against three, on a promissory note purporting to be made by them as copartners, but contested by two of them on the ground that it was made by the third for his private use and in fraud of his copartners, and that this was known to the plaintiff, evidence that the fraudulent partner had previously, and with the knowledge of the plaintiff, abused the partnership signature for his private business and that the plaintiff advised him to give up that business and take his notes out of the market, is relevant to the issue to be tried, inasmuch as it tends to prove the *scienter* on the part of the plaintiff.

If one partner gives a note in the name of the firm for a purpose distinct from the partnership business, the law does not presume that he acted honestly and with the assent of his copartners, but such apparent misuse of the partnership name is *primâ facie* evidence that he acted without authority and in fraud of his copartners

ASSUMPSIT against Cooper, Gould & Robbins, on seven promissory notes, dated in February, March and April, 1826, amounting in all to $4700, purporting to have been signed by the defendants under the firm of Cooper, Gould, & Robbins, payable to Robbins, and by him indorsed to the plaintiff. The notes were payable on different days subsequent to the 11th of May, 1826

The defendants, Cooper and Gould, pleaded first, the general issue.

Secondly, that at the Court of Common Pleas held in July 1826, the plaintiff sued the three defendants, declaring upon a promissory note dated May 11, 1826, for $4700, alleged to have been made by the defendants under the firm of Cooper, Gould & Robbins, payable to the plaintiff on demand, with interest ; also upon a count for $6000, money had and received ; also upon a count of insimul computassent for $4700 ; that Robbins was defaulted ; that Cooper and Gould pleaded that they never promised with Robbins, and that issue was joined thereon ; that upon the trial of this issue, in the Supreme Court, and to support the several counts in the declaration, the plaintiff alleged and proved that the note for 4700 dollars had been given by Robbins, in the name of Cooper, Gould & Robbins, as a substitute for, and in consideration of, and as security for, and payment for, the seven promissory notes declared upon in the present action ; that these seven notes were, by the plaintiff, given in evidence to the jury, to support the declaration and the issue joined, in the former suit ; that Cooper and Gould denied that they made or knew of the seven notes, and denied that Robbins was authorized to make and issue them in the name of the copartnership, and denied that they were given for partnership transactions, and denied that Cooper and Gould received any part of the proceeds thereof, and alleged that Robbins made and indorsed these notes, for his individual and separate use and benefit and in fraud upon Cooper and Gould, and that the plaintiff knew these facts at the time when the notes were made and indorsed ; that these matters, and whether Cooper and Gould were bound to pay the seven notes, and whether they made the promises set forth in the first action, were put in issue at the trial, and the jury returned a verdict that Cooper and Gould never promised together with Robbins, as alleged by the plaintiff in his declaration ; that judgment was rendered on this verdict ; and that this judgment has not been reversed or annulled but remains in full force ; wherefore Cooper and Gould prayed judgment whether the plaintiff ought to be admitted, contrary to the verdict and judgment

Eastman
v.
Cooper.

above mentioned, to say that Cooper and Gould, together with Robbins, promised as alleged in the declaration in this action.

The defendants, Cooper and Gould, pleaded thirdly, the same facts, and prayed judgment whether the plaintiff his action against them ought to have and maintain.

The plaintiff demurred specially to the second and third pleas, and assigned for causes of demurrer, that it is not alleged in the pleas, nor does it appear, that the plaintiff impleaded the defendants, in the former suit, for not performing the identical promises set forth in the present suit, but the contrary appears by the pleas ; that it does not appear from the pleas, that issue was taken in the former suit, upon the point whether the defendants did make the several promises set forth in the present suit, or any of them, nor that the jury passed upon this point, nor that the jury found that the defendants did not make the promises now declared on, but the contrary appears from the pleas ; and that it appears from the pleas, that at the time of commencing the former suit, these promises had not been broken, and the cause of action now set forth had not accrued ; and that Cooper and Gould have, in their pleas, alleged as matter in bar and of estoppel, matters which are contrary to the record of the former suit, and matters *in pais*, which cannot be pleaded in bar or as an estoppel, and have not alleged that any of the matters pleaded appear by any record, and have not made profert of any record ; that it is not alleged in the pleas, and does not appear, that the plaintiff accepted the note for 4700 dollars as payment or in lieu of, or in consideration of, or as a substitute for, the other seven notes, nor is it alleged, nor does it appear, that the jury found that the note for 4700 dollars was given or accepted for either of those purposes ; and that Cooper and Gould allege by way of bar and estoppel, matters of argument, inference, and evidence, which do not appear from any record of any proceeding or judgment in the former suit.

March 12th, 1833.

*Rand* and *Fiske*, in support of the demurrer, cited *Outram* v. *Morewood*, 3 East, 355 , *Duchess of Kingston's case*, 20 Howell's State Trials, 538 ; American Jurist, No. 16, p. 333 ; *Drake* v. *Mitchell*, 3 East, 252.

*S. D. Parker, contrà,* cited 1 Gilb. Ev. (Lofft's edit.) 31; Bull. N. P. 232, *Outram v. Morewood,* 3 East, 355 ; *Vooght v. Winch,* 2 Barn. & Ald. 668 ; 1 Phil. Ev. (6th edit.) 315.

The opinion of the Court was delivered by

SHAW C. J. The Court are of opinion, that neither of the two pleas can be sustained, as a good bar to the present action. It cannot be sustained as a plea in bar of a former acqu'ttal, because it sufficiently appears from the record, that the cause of action was not the same. Had the plaintiff relied upon these notes, as his ground and cause of action, upon the money counts, or in any form of declaring, he must have failed, because at the time of the action brought, these notes were not due. Still the notes were offered in evidence and to a certain extent their validity was tried. It having been heretofore decided as a rule of law, that the existence of a note, not yet due, is a good consideration for a new note payable on demand, upon which the holder may presently commence a suit and attach property, the plaintiff gave these notes in evidence, not as notes due, upon which he could bring suit, but to show a good subsisting debt, due but not payable, from the same firm, as a consideration for the note on demand, on which his suit was in fact commenced. Although therefore the validity of these notes, as an existing consideration for the note sued, was drawn in question and in effect tried, yet it was a question collateral to the one in issue. A plea in bar, of former acquittal or former conviction, must not only show that the same question was tried, but that the same cause of action was adjudicated between the parties. Here it is very clear that the cause of action is not the same ; that action being upon a promissory note payable on demand, and this on several notes payable on time, and not due when that action was brought.

Nor can the plea of the same matter by way of estoppel be sustained. In order to constitute an estoppel, the same point must be put in issue, *upon the record,* and directly found by the jury. Wherever a point of fact has been so put in issue and found by a jury, there the record is regarded as conclusive of that fact, whenever it is again drawn in question by the parties, or their privies. But it results from the es-

Eastman
*v.*
Cooper.

*March 18th,*
1833.

tablished rules of pleading, that this rule must be strictly confined to facts put directly in issue, and cannot be extended to collateral facts, or facts to be deduced by inference from the verdict.  *Outram* v. *Morewood*, 3 East, 346 ; *Spooner* v. *Davis*, 7 Pick. 147.

This opinion is confined solely to the question upon the demurrer, whether the matter pleaded is a good bar, and has no bearing upon the question, whether the verdict and judgment may be given in evidence, which depends upon different considerations.  *Parker* v. *Standish*, 3 Pick. 288.

*Pleas adjudged bad*

The cause was afterwards tried upon the general issue, before *Shaw* C. J.

The signature to the notes, and the partnership of the defendants, as brewers, being proved, the defence was, that the notes were given by Robbins for purposes not connected with the partnership and in fraud of the other partners, of which the plaintiff had actual or constructive notice, and therefore that Cooper and Gould were not liable.

1. The defendants proposed to show that the same question had been tried in the former suit upon the note for 4700 dollars, and offered in evidence the verdict and judgment in that suit.  The case proposed to be proved was, that the same defence was relied on as in the present action, namely, that the note for 4700 dollars was given by Robbins in fraud of his partners, with express or implied notice to the plaintiff ; that a receipt was then given in evidence, showing that the same note was given as collateral security for the seven notes then held by the plaintiff and now sued, none of which were then due ; and it should seem that this was done to enable the plaintiff to commence an action against the firm and attach property, they being then in failing circumstances ; that on the trial of the former action, the consideration of the note for 4700 dollars, and the fact that it was given for partnership purposes, being questioned, the plaintiff then gave in evidence the seven notes now sued, and then held by him, and went into proof tracing them to their origin, with a view to show

that they were respectively given on good consideration and <span>Eastman<br>*v.*<br>Cooper.</span>
for partnership purposes.

And it was contended, that the jury, in finding against the validity of the note for 4700 dollars and its binding effect upon the partners, did in effect decide against the validity of the seven notes then relied on, as a consideration, in these respects.

Whereupon it was ruled, though objected to, that the former verdict and judgment, though not a bar, were competent evidence, if in fact the same questions now raised were submitted and passed upon ; and that the weight of the evidence would be a question for the jury, depending upon circumstances, and to be taken in connexion with any other evidence now given. And the jury were subsequently instructed, that if they were satisfied from the evidence, that the question submitted to the jury upon the former trial, between the same parties, was the same now raised, namely, whether the seven notes were made by Robbins in the name of the firm and were given for purposes of his own, and not to raise money or purchase stock for the firm, and this known to the plaintiff, and that the jury did pass upon that question, then the verdict and judgment in the former case, in favor of the defendants, was competent evidence of the same facts now in issue on this trial.

2. The defendants offered in evidence the report made by *Parker*, the late chief justice of this Court, before whom the former cause was tried, and though objected to, as not competent evidence, it was admitted, not as evidence of the facts recited in it, or detailed in the evidence reported, but as evidence bearing upon the question, whether the questions of fact which were then presented to the court and jury, were the same questions now in issue between these parties.

3. It appeared that Robbins was carrying on a tobacco business wholly distinct from his brewing business, and the defendants offered to give in evidence several purchases of tobacco made by Robbins previous to the time of the origin of the notes now in suit, upon which he had given notes in the name of Cooper, Gould & Robbins. It was also testified by one Loring, (without any objection on the part of the

24 *

Eastman
v.
Cooper.

plaintiff,) that in a conversation with the witness, whether before or after the failure of the defendants he could not say, the plaintiff said that he had advised Robbins to give up his tobacco business, and take his notes out of the market, and not have his mind so much embarrassed.

It was ruled, principally upon the authority of the late chief justice in the former case, that evidence of notes o' the firm given by Robbins for purposes not connected with those of the partnership, especially for the purchase of tobacco, was competent evidence.

4. It having been a question, whether the notes last mentioned were or were not given with the consent of the other partners, there being no direct evidence either way, the court was called on for an opinion as to the presumption ; whereupon the jury were instructed, that the partnership being limited to the purpose of carrying on the brewing business, the use of the name of the firm by one of the partners for another and distinct purpose, was *primâ facie* without authority, and if without authority, was fraudulent as against the other partners ; that if in such case a special assent is relied on, to take it out of the operation of the rule, such assent is a fact to be proved by those who rely upon it ; and if no evidence either way is given of the fact of such assent, it could not be presumed.

A verdict was returned for the defendants, Cooper and Gould, and the plaintiff moved for a new trial for the following reasons : —

1. Because the defendants were permitted to read in evidence the verdict, record and judgment in another suit between the same parties, wherein the plaintiff declared upon different promises, and the jury were instructed that such verdict, record and judgment were evidence, which they might consider in making up their verdict.

2. Because the judge's report in the former suit was permitted to be read in evidence to the jury, to show that the same matters came in question and were passed upon by the former jury, which were now in question and the cause and grounds of the plaintiff's present suit.

3. Because the defendants were allowed to introduce the

testimony of divers witnesses respecting the purchase of certain quantities of tobacco by Robbins, and his giving in payment therefor the notes of the firm of Cooper, Gould, & Robbins, and the jury were instructed that the same was evidence for the defendants, when taken in connexion with the testimony of Loring.

4. Because the jury were instructed, that it having been proved that Robbins had given the notes of the firm for tobacco, and it not appearing whether it was or was not with the consent of Cooper and Gould, it was to be presumed that it was done without the consent and in fraud of Cooper and Gould, and that this, in connexion with the testimony of Loring, was proper for the jury to consider in making up their verdict, although the counsel for the plaintiff insisted that the contrary presumption ought to be made, and if not, that the circumstance was wholly immaterial under the circumstances of the case.

5. Because the jury were instructed, that the testimony of Loring was material and proper to be considered by them.

*Rand* and *Fiske,* in support of the motion for a new trial, contended that as the former suit was not for the same cause of action, these seven notes not being then due, and as the verdict and judgment in that suit could not be pleaded in bar or estoppel to this action, such verdict and judgment could not be received in evidence in defence to this action. If the question came up as to the validity of the seven notes, it came up collaterally in a suit for a different demand. Several questions were put to the jury, in the trial of the former action, on any one of which it might have been determined, and the validity or invalidity of the seven notes was not a fact essential to the finding. It does not appear by the record, that that point was in issue, and evidence *aliunde* is not admissible to prove that it was taken into consideration by the jury. *Rex* v. *Knaptoft,* 2 Barn. & Cressw. 883 ; *Sintzenick* v. *Lucas,* 1 Esp. R. 43 ; *Manny* v. *Harris,* 2 Johns. R. 24 ; *Church* v. *Leavenworth,* 4 Day, 274 ; *Stafford* v. *Clark,* 2 Bingh. 381 ; *S. C.* 9 Moore, 734 ; Bull. N. P. 232 *Hitchin* v. *Campbell,* 2 W. Bl. 831 ; *Blackham's case,* 1 Salk. 290 ; *Hopkins* v. *Lee,* 6 Wheat. 114 ; *Smith* v. *Sher-*

Eastman
*v.*
Cooper.

*March 18th,*
1834.

*wood*, 4 Connect. R. 283 ; *Standish* v. Parker, 2 Pick. 20 ; [see 2d edit. *in notis* ;] *Spooner* v. *Davis*, 7 Pick. 147. To the point, that the judge's report was not admissible in evidence, he cited *Miles* v. *O'Hara*, 4 Binney, 108 ; *Foster* v. *Shaw*, 7 Serg. & Rawle, 162.

The evidence in regard to the tobacco contracts was wholly irrelevant. Proof that a partner has exceeded his authority in one instance, does not tend to show that he has done it in another. The testimony of Loring had no bearing on the case, more especially as he did not recollect whether the plaintiff's conversation with him was before or after the failure of the defendants. The fact that the plaintiff advised Robbins to give up the tobacco business, has no tendency to prove that these notes were given on account of that business.

But further ; evidence that Robbins bought tobacco and gave therefor the notes of the firm, does not prove that he acted fraudulently. In the case of a partnership limited to a particular business, one partner frequently goes beyond the strict limits of the business, with the assent of the others ; and if Robbins gave these notes for tobacco, it must be presumed that he acted by the authority of his copartners until the contrary is proved. Fraud is not to be presumed. Matthews on Presumption, (Amer. edit.) 26, 27, 28.

*S. D. Parker*, *contrà*, said, that the merits of the case had been tried in the former suit, and to the point that the verdict and judgment were admissible in evidence, he cited *Duchess of Kingston's case*, 20 Howell's State Trials, 538 ; *Wood* v. *Jackson*, 8 Wendell, 1 ; *Howard* v. *Mitchell*, 14 Mass. R. 243 ; *Adams* v. *Barnes*, 17 Mass. R. 368 ; *Commonwealth* v. *Pejepscut Proprietors*, 10 Mass. R. 155 ; *Livermore* v. *Herschell*, 3 Pick. 38 ; *Parker* v. *Standish*, 3 Pick. 288 ; *Coit* v. *Tracy*, 8 Connect. R. 268 ; *Outram* v. *Morewood*, 3 East, 365 ; *Vooght* v. *Winch*, 2 Barn. & Ald. 662 ; *Church* v. *Leavenworth*, 4 Day, 274.

To the point that the report of the judge was admissible, he cited *Rex* v. *Whitehead*, 1 Carr. & Payne, 68 ; *Van Wart* v. *Wolley*, Ryan & Moody, 4.

PUTNAM J. delivered the opinion of the Court. The first question arising upon the plaintiff's motion for a new trial, is

whether the record in the former action was properly received
as evidence in the present case.

The law applicable to this subject is well stated in Bull. N. P. 232, in the case of *Sherwin* v. *Clarges*. " If a verdict be had on the same point, and between the same parties, it may be given in evidence, though the trial were not had for the same lands, for the verdict in such case is a very persuading evidence, because what twelve men have already thought of the fact may be supposed fit to direct the determination of the present jury ; but then this verdict ought to be between the same parties, because otherwise a man would be bound by a decision, who had not the liberty to cross-examine ; and nothing can be more contrary to natural justice, than that any one should be injured by a determination, that he, or those under whom he claims, was not at liberty to controvert. But it is not necessary that the verdict should be in relation to the same land, for the verdict is only set up to prove the point in question, and every matter is evidence, that amounts to a proof of the point in question." But " no verdict shall be given in evidence, but between such who are parties or privies to it." Ibid. And " it is not necessary that the fact to be proved by the record should have been solely and specifically put in issue on the former trial ; it is sufficient if it was a fact essential to the finding of that verdict." 1 Stark. Ev. (4th Amer. ed.) 200.

And it is not necessary that the form of the action in the former suit should be the same as in the latter. Thus, a recovery in an action of assumpsit is a good bar to an action of debt brought upon the same contract. *Slade's case*, 4 Co. 94 *b*.

So a judgment in trespass will be a good bar to an action for the same taking in trover. 1 Stark. Ev. (4th Amer. edit.) 198, n. (*b*) and the cases there cited.

So a judgment in trespass *de bonis asportatis* is a good bar to assumpsit for the same goods. In the former action it appeared, that the plaintiff had not the right of property in the goods ; and it was held, that without further and different proof, he had no right to the value of them in the action of assumpsit. *Rice* v. *King*, 7 Johns. R. 20. And the court

Eastman
v.
Cooper.

say, that by the same cause of action is meant, where the evidence will support both actions, although they happen to be grounded on different writs. *Kitchen* v. *Campbell*, 3 Wils. 308 ; *Sparry's case*, 5 Co. 61, *S. P.*

It is necessary that the merits of the case should have been submitted to the jury and ascertained by the former verdict, and parol evidence is admissible to show what was claimed and proved before the jury ; because the record being general, it could not be known, without the aid of parol ·evidence, what was the matter in controversy, and what prool was offered to maintain the issue on the one part and on the other. When there has been a full hearing, verdict and judgment, upon the point essential to the right determination oi the controversy, " *expedit reipublicæ ut sit finis litium.*"

We have no doubt but that the record, verdict and judgment in the former action, may be given in evidence under the general issue in this action. *Young* v. *Black*, 7 Cranch, 567 ; *Parker* v. *Standish*, 3 Pick. 288.

We proceed to consider whether the former case necessarily involved a point which is decisive of the present action.

The plaintiff's counsel denies that the former suit was for the same cause of action.

The record shows that the declaration in that suit was upon a promissory note dated May 11, 1826, for 4700 dollars, payable on demand, with interest, to the plaintiff. And there are money counts also. The declaration in the present action is for seven notes of hand, amounting in the whole to the sum of 4700 dollars, but which were not due at the time when the former action was commenced. So that unless the records should be explained by parol or other legal evidence, it would not appear that the former had any relation to the present suit.

We have decided that the former verdict and judgment could not be pleaded in bar, as conclusive. But the defendants may show that a point was settled in the former action, in his favor, which is essential to be maintained by the plaintiff in the present action.

It is for the defendants to introduce that evidence. They are to prove that the subject matter in controversy in the

former suit was the same as in the present, and that the ver- *Eastman*
dict in the former suit, which was for them, was rendered *v.*
upon an inquiry into the merits of the plaintiff's present *Cooper.*
claim.

They propose to show those things by a report of the
ate chief justice, which was assented to by the parties, and
which states the proceedings in the former suit.  And it is
objected by the counsel for the plaintiff, that the report is not
competent evidence for the purpose for which it is offered.
It is insisted that the report so authenticated by the chief
justice, who tried the cause, is not to be received in evi-
dence, any more than the notes of a judge would be ; and on
the authority of *Miles* v. *O' Hara*, 4 Binney, 108, which de-
cides that the notes of a judge are not to be received, unac-
companied by the oath of the judge.

Now the best evidence which the nature of the case admits,
should be given.  The report so authenticated is an official
act of the judge, made at the request of the plaintiff, and used
at the argument on the hearing of his motion for a new trial.  It
comes in a more full and intelligible manner than the notes of
a judge, which are taken during the hurry of a trial.  It is
unquestionably of a character more satisfactory, than the parol
declaration of an individual who might have been present at
the trial, and testified from his recollection merely.

We are satisfied that it is competent evidence to show upon
what grounds or consideration the plaintiff relied, in the former
action, in support of the note for 4700 dollars then in contro-
versy.  It has been considered on the former hearing for a
new trial, as an authentic account of what took place at the
former trial, as well by the Court as by the parties, and we
think it ought not now to be repudiated by either.

From that report, we know, that the plaintiff produced in
evidence the several promissory notes which are declared
upon in the present action ; and also a receipt, which stated,
that the note for 4700 dollars was received as collateral secu-
rity for the other seven notes, which were to be given up
when that note should have been paid.  And we know further,
from an amendment to the report, in the handwriting of the
ate chief justice, that these papers were received without

objection, and no evidence was offered to impeach them, on the ground that they were not genuine as between Eastman and Robbins.

So that it appears clearly, that the plaintiff had a claim only for one sum of 4700 dollars, and not for double that sum ; that if the note for that sum should be paid, it would operate as a payment of the seven notes, which altogether amounted to that sum. It would follow, that a recovery and satisfaction of the one would be a satisfaction of the other, and that a defence to the merits involving the consideration of the one, should be a defence against the others. The plaintiff had a double security for one and the same sum of money ; but the debt secured by these notes was identically the same. It has been contended for the plaintiff, that when the former action was commenced, no cause of action had accrued on the notes which are now declared upon ; that the breach of the promise is the cause of action, and so that the cause of the present action is different from the cause of action in the former suit, and therefore that the verdict in that suit ought not to be received as evidence in this action. But the promise, without a good consideration, is invalid, and the breach of it cannot give a good cause of action. The promise is necessarily connected with the consideration, and there must be a breach of a promise upon a good consideration, before any cause of action can accrue. Now we have seen that the consideration of all the notes was identically the same ; the note which was declared upon in the former action being given as collateral security for the seven notes now declared upon ; so that we are satisfied that the subject matter of the former suit was identical with that of the present action.

We know from the report above mentioned, the grounds of the defence to the former suit. " The defendants stated that the note was made by Robbins in the copartnership name, without any consideration to the copartnership or for their use, and without the knowledge or consent of said Cooper and Gould ; all which was known to the plaintiff." And the defendants then introduced and read the articles of copartnership, dated March 25, 1823, by which the firm was to continue until September 25, 1826. The indenture is made part of

the report, and is in the case ; by which it appears, that they entered into a copartnership in the business of brewing, under the name and firm of Cooper, Gould, & Robbins.

It appears from the report, that the defendants offered evidence tending to prove that these seven notes were made by Robbins in the partnership name, for his own debt, and not for the debt of the firm, and that the plaintiff knew them to be so made, to defraud Gould and Cooper. And the plaintiff offered evidence tending to rebut the evidence produced by the defendants. And the jury found a verdict for the defendants, as appears by the record, and so they affirmed the grounds which were maintained by the defendants. So that it was judicially settled, that those seven notes were given in fraud of the partnership, and without any consideration which the firm had received for the same.

So the very merits of the present case have been decided in the former suit between these parties.

The verdict was offered as evidence, but not as an estoppel or as conclusive evidence. It was without doubt considered by the jury in the last trial, as " very persuading evidence." But the plaintiff had a full opportunity, and availed himself of it, to offer evidence to induce the jury to come to a different result.

These considerations dispose of the first and second reasons alleged by the plaintiff for a new trial.

The third and fifth reasons may well be considered together. They relate to the allegation of the defendants, that Robbins, during the time of the partnership, carried on a tobacco business on his own account, which had no concern whatever with the partnership business, (before the origin of the notes now in suit,) upon which he had given notes in the name of the partnership, and that the plaintiff knew that to be the case. Now we think that evidence that Robbins abused the partnership signature to private purposes and that such misconduct was known to the plaintiff, was relevant to the question then to be tried. No objection was made to the testimony of Loring when it was offered. It was stated by him, that in conversation, whether before or after the failure the witness could not say, the plaintiff told him, " he had advised Robbins

to give up his tobacco business and take his notes out of the market and not have his mind so much embarrassed.'' It is wholly immaterial whether the plaintiff made that confession before or after the failure. It referred to advice which he must have given before the failure, for after the failure it would have been entirely misplaced. It cannot be supposed that, after the failure, he advised Robbins to take up his tobacco notes. Robbins had no means to do so. The advice was well meant, and had a tendency to show that the plaintiff was *acquainted* with Robbins and his private dealings, and was upon friendly and intimate terms with him. It had a tendency to prove the *scienter*, which made a part of the defence in the former, as well as in the present action.

In regard to the fourth reason for a new trial, we cannot think that the argument of the plaintiff's counsel should prevail. It assumes as a fact, that there was no evidence in the case to show that Robbins had misused the partnership name. It supposes that, in the absence of other evidence, the law will presume that the partnership name was fairly and honestly used for partnership purposes and not for the private purpose of Robbins. But, as it was proved that Robbins used the name of the firm for a purpose entirely distinct from the brewing or partnership business, the presumption of the law before stated was removed, and such apparent misuse or abuse of the partnership name, we think, was *primâ facie* evidence that in that respect he acted without authority, and in fraud of the partnership. And we think that if the plaintiff would show an assent on the part of the other partners, he should be held to give satisfactory evidence of such assent, to rebut such *primâ facie* evidence of fraud, on the part of Robbins, upon his copartners.

We are all of opinion, that there is no legal and sufficient ground for the Court to disturb the verdict. The judgment must therefore be rendered for the defendants, Cooper and Gould, accordingly.