## THE PEOPLE on rel. REILLY a. JOHNSON.

*Supreme Court, First District; General Term, Oct.,* 1862.

RES ADJUDICATA.—EVIDENCE.—LANDLORD AND TENANT.—SUM-MARY PROCEEDINGS.

Facts found by a former decree, which are not necessary to uphold the decree, do not conclude the parties.

A judgment concludes the parties only as to the grounds covered by it, and the facts necessary to uphold it.

In order to make a judgment-record evidence to conclude any matter, it should appear that such matter was in issue.

A judgment obtained in an action brought to have a deed declared to be merely a mortgage, which declares it to be a deed and not a mortgage, although it also declares that the grantor is tenant of the grantee, is not evidence on this latter question.

Certiorari to a justice of a district court in the city of New York.

The relator was Thomas Reilly; the defendants were Frederick Johnson and James D. McMann. In February, 1861, the defendants presented to C. W. Van Voorhis, justice, the affidavit of Frederick Johnson, one of the defendants, and demanded process to remove the relator, Thomas Reilly, from the premises known as Hermitage Hall, in the city of New York, upon the ground that Reilly was a tenant of the defendants, holding over after the expiration of his term, without the leave of his landlords. The justice issued a summons against Reilly, requiring him to remove from said premises, or to show cause to the contrary on the same day. On the return of such summons, Reilly interposed a counter-affidavit, and demanded a jury trial.

The landlords introduced in evidence a judgment-record of the Supreme Court of the city of New York, in an action prosecuted by the relator as plaintiff against Charles G. Cornell and the present defendants, to declare a deed given by Reilly to Cornell and Johnson, while in possession of the premises now in question, a mortgage. Judgment had been rendered for the defendants. The alleged tenancy in the present proceeding was for a time subsequent to the execution of the deed. It appeared in that case, that Reilly had paid to the defendants certain money, which was mentioned in the findings of fact in the case in the Superior Court as follows:

"It was also verbally agreed between them, that for the said three months the plaintiff should remain the tenant of said Cornell and Johnson at a rent of $33 a month, payable at the end of each month, besides paying all he had agreed to pay under the agreement for the tenancy of the premises during the first six months after the purchase of Cornell and Johnson. The plaintiff paid rent and said sum of $250 in pursuance of the said

verbal agreement, but has wholly failed to pay any rent since, and has had the occupancy of the premises since the commencement of this action, which was on or about March 22, 1860, by virtue of an injunction-order made in this action."

The record in this case and the foregoing finding were relied on by the landlords to establish the conventional relation of landlord and tenant to exist between the parties. The result of the trial was a verdict in favor of the landlords, upon which a warrant was issued, and Reilly was dispossessed, and Johnson and Mc-Mann were put in possession of Hermitage Hall.

Upon the judgment entered upon this verdict, a certiorari was now taken to review it in the Supreme Court.

*Eusebius W. Dodge*, for the relator.—I. The judgment-roll was improperly received. The only point at issue in the Superior Court was whether the deed of Reilly was a mortgage for the payment of $5,600. This issue in no wise involved the question whether Reilly was, or was not, the tenant of Johnson and Cornell. (Jackson *a.* Wood, 3 *Wend.*, 27.)

II. If the judgment-roll was properly allowed, the relation of landlord and tenant is not shown to have existed between the parties. The answer of Cornell and Johnson alleges a verbal contract between Reilly and Johnson and Cornell, by which Reilly was permitted to purchase back the property at any time within six months afterwards, upon refunding the $5,600, and paying Cornell and Johnson a bonus of $500; that, at the expiration of said six months a further agreement was made, continuing the parol contract for the sale of the premises for the further term of three months, with a further condition that Reilly should pay as rent all taxes and assessments, and the interest upon a mortgage of $7,500, and $196, the interest on the advance of $5,600, and the interest for the same amount for the ensuing three months, and the further bonus of $250 to Johnson for his consent to such prolongation of the agreement. The answers allege that under this agreement the bonus of $250 and the $196 of interest in arrears was paid on the day the last agreement was made. The nine months' time covered by this parol agreement is the same period of time embraced in the affidavit of Johnson in this case, and during which he claims that Reilly was his tenant. It is submitted that this

agreement was for a purchase, and established the relation of vendor and vendee, and not that of landlord and tenant, and the payments made by Reilly were made under this agreement. (Burnett *a.* Scribner, 16 *Barb.*, 621 ; Williams *a.* Bigelow, 11 *How. Pr.*, 83, 88 ; Evertson *a.* Sutton, 5 *Wend.*, 281, 284 ; Roach *a.* Cosine, 9 *Ib.*, 227, 231, 232.)

III. The defendant's evidence is plainly contradicted by their own affidavits in previous proceedings of the same character, and such former proceedings should have been held a bar.

*Luther B. Peet* and *John Graham*, for the respondents.—I. Taking it to be the office of the court upon a certiorari to examine into and pass upon the justice of the verdict of the jury, and the judgment thereon, as well as to correct errors of law, and see to the regularity of the proceedings before the justice, both must be sustained. (Anderson *a.* Prindle, 23 *Wend.*, 616 ; Niblo *a.* Post's Administrators, 25 *Ib.*, 280 ; Benjamin *a.* Benjamin, 5 *N. Y.*, 383.) The judgment of the Superior Court found that Reilly was conventionally the tenant of Cornell and Johnson. The jury found the existence of a tenancy, its termination, and a holding over by Reilly, without the permission of his landlords.

II. The judgment-record in the Superior Court action, was eminently proper as evidence against Reilly on the trial below. The parties to the judgment were the same, it was the decision of a court to which he himself had appealed to settle the relation of the parties. He demanded the premises in that action as owner, and insisted that the defendants were but mortgagees. The court decided that they were owners and that he was their tenant. (*Greenleaf on Ev.*, §§ 522, 523, 536.) For the rule as to the conclusiveness of judgments, see, also, Campbell *a.* Hall (16 *N. Y.*, 575); Castle *a.* Noyes (14 *Ib.*, 329); Davis *a.* Tallcot (12 *Ib.*, 184).

III. Although the court has the power by statute to examine " any adjudication" made by the officer below (3 *Rev. Stat.*, 5 ed., 839, § 47), it ought, and has the right, to require such matters to be presented upon exceptions. Otherwise, the very proceedings which the tenant suggested or approved of before the officer below, might be urged as error upon the certiorari.

IV. To reverse the proceedings below, would not entitle the

tenant to restitution, nor would it invest him with a very profitable action on the case for damages. Both these results would be unattended with any benefit, after the Superior Court judgment.

By THE COURT.*—MASON, J.—It seems to me very clear in this case, that the court below erred in allowing this record in the suit in the Superior Court between Reilly and these defendants and Cornell to be given in evidence to establish the fact, that the conventional relation of landlord and tenant existed between the parties.

The object of that suit was to have the deed given to Cornell and Johnson declared to be a mortgage only to secure the repayment to them of the principal sum of $5,600 advanced by them to Mr. Shea, and the interest thereon ; and the only question really in issue in that suit, so far as these parties were concerned, was whether the deed held by Johnson and Cornell was held by them as a mortgage to secure the payment. of the said sum. The decree of the Superior Court dismissing the suit and complaint, only adjudged the fact that they did not hold the deed as a mortgage, and that Reilly was not entitled to a decree declaring that deed a mortgage to secure the payment of $5,600. The issue in that suit in nowise involved the question whether Reilly was or was not the tenant of Cornell and Johnson, and consequently the judgment-record in that case could not be evidence of the fact.

It is only necessary to state a few familiar principles of law to show that must be so. It is a familiar rule of law, that facts found by a former decree which are not necessary to uphold the decree do not conclude the parties. ˙(Coit a. Tracy, 5 Cow., 265, 276 ; 2 Cow. & Hill's Notes, 917, and cases there cited.)

And though a decree in express terms profess to affirm a fact, if such fact was immaterial in the case, the decree will not conclude the parties as to such fact. (2 Day, 138 ; 8 Conn., 268.)

A judgment concludes the parties only as to the grounds covered by it, and the facts necessary to uphold it. (2 Cow. & Hill's Notes, 826.)

In order to make a record evidence to conclude any matter,

---

* Present, LEONARD, CLERKE, and MASON, JJ.

it should appear that that matter was in issue. (Manning *a.* Harris, 2 *Johns.*, 44; Jackson *a.* Wood, 3 *Wend.*, 27; 1 *Esp. Cas.*, 43; 4 *Cow.*, 276; 4 *Day*, 274, 431.)

The fact whether Reilly was or was not the tenant of Johnson and Cornell not being in issue ·in that suit, and the fact being wholly immaterial to support the judgment given in that case, the record is not evidence to establish the fact. That this fact, although found by the judge as fact in his findings, was wholly immaterial, and that the judgment given in that case did not in the least rest upon that, is most manifest from the pleadings in the case and the judgment itself.

The relief which the plaintiff Reilly demanded in his complaint in that suit was, that the said deed to Cornell and Johnson might be declared to be a mortgage, and stand as security for $5,600, and that they be enjoined from asserting any other or different title to the said premises under the said deed, &c. It follows, therefore, that the court below erred in allowing this record to be put in evidence to establish the relation of landlord and tenant between these parties. The court also erred in submitting this record to the jury, and in submitting it as a question for the jury whether this record did or did not show that Reilly was the tenant of Johnson and Cornell. The jury must have found the fact from this record alone, for there is no other evidence in the case from which they could find it.

I advise the reversal of the proceedings in the court below, with costs to be taxed.

Judgment for the relator.

## JOHNSON *a.* SMITH.

*New York Common Pleas; General Term, May,* 1862.

### ACTION ON JUDGMENT AGAINST JOINT-DEBTORS.—DEFECT OF PARTIES.

Where a judgment has been recovered against joint-debtors, under a service of process upon one only, it is not a valid defence to an action upon the judgment, that the party served with process in the former action is not joined as a defendant.